DR. ORLY TAITZ, ESQ
IN PRO SE
CSB #223433
29839 S. Margarita Pkwy.
Rancho Santa Margarita CA 92688
ph. 949-683-5411
fax 949-586-2082

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

Pensacola Division

| | |
|---|---|
| STATE OF FLORIDA et al, | Case No. 3:10-cv-91 |
| v. | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; KATHLEEN SEBELIUS, in her official capacity as the Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF THE TREASURY; TIMOTHY F. GEITHNER, in his official capacity as the Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF LABOR; and HILDA L. SOLIS, in her official capacity as Secretary of the United States Department of Labor, Defendants, | Notice & Motion to Intervene<br><br>APRIL 14, 2010, 9:00AM<br><br>Oral Argument Requested |
| AND | |
| DR. ORLY TAITZ, ESQ.<br>Movant. | |

**NOTICE & MOTION**



COMES NOW, DR. ORLY TAITZ, ESQ IN PRO SE (hereinafter referred to as "DR. TAITZ"), and pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby files this Motion to Intervene, as a Plaintiff of Right or in the alternative with the Court's permission said motion to be heard on April 14, 2010 at 9AM or as soon thereafter as practicable with oral argument requested and as grounds therefore, movant states as follows:

## FACTUAL BACKGROUND

1. In the captioned matter, Attorneys General seeks determination from this Court as to its obligations and duties under the Patient Protection and Affordable Care Act. More specifically they seek to enjoin and have declared unconstitutional the Patient Protection and Affordable Care Act signed into law by President Barack Obama.

2. Prior to the filing the above captioned matter, movant filed a Quo Warranto combined with other causes of action now pending in the United States District Court of the District of Columbia seeking identical relief on an identical theory of violation of the Commerce Clause, Const. art. I, § 8.

3. A true and correct copy of the aforementioned complaint is attached as Exhibit A.

4. Dr. Taitz has also filed a motion with the United States Judicial Panel on Multi District Litigation seeking the two cases be coordinated, a true and correct copy of which is attached as Exhibit B.

5. Through the instant motion, Dr. Taitz seeks this Honorable Court's approval to participate in the instant declaratory judgment action. It is readily apparent that Dr. Taitz is an interested party in this litigation.

6. This motion is timely as the Attorneys General's action has only just been filed.

7. Dr. Taitz as a medical provider has a direct and immediate interest in this present lawsuit, and this interest will not be fully protected by the present parties.

8. Dr. Taitz's ability to pursue her Quo Warranto action may be impeded or impaired if it is not allowed to intervene.

9. Accordingly, Dr. Taitz respectfully submits that she possesses the right to intervene in this action, or alternatively, should be permitted to intervene in this action pursuant to Fed. R. Civ. P. 24.

## MEMORANDUM OF LAW

### Dr. Taitz Possesses the Right to Intervene in this Action to Ensure that her Interests are Adequately Protected

Rule 24 (a) of the Federal Rules of Civil Procedure states the following: Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action, and the applicant is so situated that a disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

### Fed.R.Civ.P.24(a)

There are four issues central to the right to intervene under Fed. R. Civ. P. 24(a)(2). If the movant establishes all the prerequisites to intervention of right, the district court has no discretion to deny the motion. *United States v. State of Ga.*, 19 F. 3d 1388, 1393 (11th Cir. 1994). First the application for intervention must be timely. Second the

applicant must have an interest relating to the property or transaction which is the subject of the action. Third, the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest. Finally, it must appear that the applicant's interest is inadequately represented by existing parties to the suit. *Howse v. S/V "Canada Goose" I*, 641 F.2d 317, 31 Fed. R. Serv. 2d 370 (5th Cir. 1981); *International Tank Terminals, Ltd. V. M/A Arcadia IV*, 579 F.2d 964, 967 (5th Cir. 1978).

First, timely application to intervene is a requirement for both intervention of right and permissive intervention. Fed. R. Civ. P. 24. The question of whether the application for intervention is timely is largely within the District Court's discretion. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). As detailed above, the instant motion for intervention is highly timely as it is filed within less than two weeks from the date of filing of the complaint in this action. No discovery between the parties has taken place and therefore intervention at this early juncture is clearly acceptable. See *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (the court therein found that the motion to intervene was timely, as only seven months had transpired since the filing of the complaint and three months since the filing of the defendant's motion to dismiss and further, that discovery had not yet begun).

The "property or transaction" that is the subject of the instant action is the Patient Protection and Affordable Care Act. Movant unlike the Attorneys General is a medical provider directly affected by the Act suing Quo Warranto. Accordingly, there can be no genuine dispute that Dr. Taitz claims a valid interest in the subject matter of the instant

action - i.e. whether the Patient Protection and Affordable Care Act violates the Commerce Clause.

It is likewise irrefutable that Dr. Taitz is presently "so situated" that a disposition of the instant declaratory judgment action will significantly, if not completely, impair her legal interests. Currently, Dr. Taitz has not been a party in this action and therefore cannot participate in any discovery or proceedings. In practical effect, as a result, Dr. Taitz has been left with no alternative but to merely observe as this action proceeds with the risk that conflicting results may be achieved in the DC and Northern Florida Districts while the Motion to the United States Judicial Panel on Multi District Litigation. Accordingly, Dr. Taitz's ability to protect her interests would be immensely hampered if she is not provided at the outset with an opportunity to participate in this litigation

It is also apparent that Dr. Taitz's interests are not being represented by the current parties to this action. In this regard, the party seeking to intervene as of right needs only show that the representation of its interests may be inadequate, and that this burden is minimal. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 92 S.Ct. 630 (1972). Attorneys General cannot be considered to adequately represent the interests of Dr. Taitz in this action. Although Attorneys General may have similar concerns regarding the Patient Protection and Affordable Care Act in the underlying action, Attorneys General concerns for Dr. Taitz's interests do not appear to extend beyond that point, as evidenced by the differences in their pleadings. Dr. Taitz's complaint sets forth that Dr. Taitz is a Doctor of Dental Surgery, licensed by the state of California and operates a dental practice. The Patient Protection and Affordable Care Act imposes an unreasonable infringement upon her gainful employment in Dental Surgery as

overburdening interstate commerce in clear violation of the Commerce Clause. However unlike the Attorney Generals, Dr. Taitz raises a more fundamental issue, the underlying legitimacy of Barack Obama to sign the Act.

### Alternatively, the Court should Grant Permissive Intervention

Dr. Taitz respectfully submits that, in the event this Honorable Court determines that she does not possess the "right" to intervene in the instant litigation, that the Court should grant Dr. Taitz permission to intervene pursuant to Fed. R. Civ. P. 24 (b). Permissive intervention is appropriate when: (1) a statutory grant of the conditional right to intervene exists; or (2) the proposed intervener's claim or defense share questions of law or fact with the main action. Fed. R. Civ. P. 24 (b); See also *South Dade Land Corp. v. Sullivan*, 155 F. R. D. 694, 696 (S.D. Fla. 1994).

For purposes of this motion, it is the latter provision that is applicable. Accordingly, by considering the reasons set forth above, Dr. Taitz's Petition for Quo Warranto and the issues that form the bases of this action -i.e. whether the Patient Protection and Affordable Care Act is valid are shared questions of law or fact.

Further, pursuant to Fed. R. Civ. P. 24(b), the court shall also consider whether the rights of the original parties will be unduly delayed or prejudiced. See also *GA v. US Army Corps. Of Engineers*, 302 F. 3d 1242, 1250 (11th Cir. 2002); *Walter v. Jim Dandy Company*, 747 F. 2d 1360, 1365 6 (11th Cir. 1984). As detailed earlier, the instant action was only recently commenced, and to date, based upon information and belief, no discovery has occurred between the parties. Accordingly, neither Attorney Generals nor the United States can reasonably contend that their respective rights could be, in any way,

delayed or prejudice by permitting Dr. Taitz to intervene in this action. In light of the foregoing, Dr. Taitz must be granted permission to intervene.

## CONCLUSION

Dr. Taitz respectfully submits that her legal action in the District of Columbia has questions of law and fact in common with the legal and factual issues that are involved in the captioned litigation. Accordingly this Honorable Court should grant Dr. Taitz leave to intervene in these proceedings.

Respectfully submitted,

DATED: April 5, 2010

_____

Dr. Orly Taitz, Esq.

DR. ORLY TAITZ
IN PRO SE
CSB #223433
29839 S. Margarita Pkwy.  Rancho Santa Margarita CA 92688
ph. 949-683-5411
fax 949-586-2082

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Notice, Motion, Brief, Exhibits and this

Certificate of Service was served on April 5, 2010 upon:

BLAINE H WINSHIP
OFFICE OF THE ATTORNEY GENERAL
THE CAPITOL STE PL-01
400 S MONROE ST
TALLAHASSEE, FL 32399

Eric H Holder Jr.
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

On this 5 day of April, 2010, which will provide service to all parties.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dr. Orly Taitz, Esq
Attorney pro se