**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

STATE OF FLORIDA, by and
through Bill McCollum, et al.,

      Plaintiffs,

      v.                                                              Case No.: 3:10-cv-91-RV/EMT

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

      Defendants.
_____/

**<u>ORDER</u>**

      This case involves, <u>inter</u> <u>alia</u>, a Commerce Clause challenge by thirteen state Attorneys General to the new healthcare legislation passed by Congress, titled the "Patient Protection and Affordable Care Act," H.R. 3590 ("the Act"), which was signed into law by President Obama on March 23, 2010. Now pending is a motion to intervene filed by <u>pro</u> <u>se</u> non-party Dr. Orly Taitz (doc. 17).

      According to her motion, Taitz is an attorney and a Doctor of Dental Surgery, licensed by the state of California. Prior to the Attorneys General filing this case, Taitz had brought a multi-count action in the United States District Court for the District of Columbia, "seeking identical relief on an identical theory of violation of the Commerce Clause, Const. art. I, § 8."[1]

---

[1] The District of Columbia case is pending, and Taitz has filed a motion with the United States Judicial Panel on Multidistrict Litigation seeking to have the two cases coordinated. However, review of the complaint filed in that case (which is attached to the motion to intervene) indicates that the Commerce Clause challenge to the Act is but a small part of that action. Her complaint makes clear, and Taitz herself concedes, that the "fundamental issue" in that case involves the claim that President Obama does not have proof of a valid birth certificate and is "illegitimate

Rule 24 of the Federal Rules of Civil Procedure distinguishes between two types of intervention: (i) intervention as of right and (ii) permissive intervention. With respect to intervention as of right, Rule 24(a)(2) provides that, upon timely motion, "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This circuit has adopted the well-recognized four-step analysis of this type of intervention:

> Federal Rule of Civil Procedure 24(a) . . . "set bounds that must be observed. The original parties have an interest in the prompt disposition of their controversy and the public also has an interest in efficient disposition of court business." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1904, at 270 (3d ed. 2007). To intervene of right under Rule 24(a)(2), a party must establish that "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing Athens Lumber Co. v. FEC, 690 F.2d 1364, 1366 (11th Cir. 1982)).

Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1302-03 (11th Cir. 2008); accord Stone v. First Union Corp., 371 F.3d 1305, 1308-09 (11th Cir. 2004). Taitz contends, and I agree, that she has satisfied steps (1) and (2). Her motion to intervene was timely and, as a Doctor of Dental Surgery who will be affected by the Act, she clearly has

---

to serve" as President, thus calling into question his legal authority to sign the Act.

*Case No.: 3:10-cv-91-RV/EMT*

an interest in the subject of this action. Her claim fails, however, at steps (3) and (4). With respect to the impairment of interest (step 3), Taitz contends that her legal interests will be "immensely" and "significantly" hampered because there is the "risk that conflicting results may be achieved in the DC and Northern Florida Districts." However, the mere possibility of inconsistent results in cases filed by different individuals in different districts does not, by itself, hamper or impair a litigant's legal interests. This is especially so in a case such as this one, where it would appear that appeals are quite likely.

Moreover, Taitz has not shown that her legal interests will be represented inadequately by the existing parties in this case (step 4). She acknowledges that she and the Attorneys General in this litigation are ultimately "seeking identical relief on an identical theory." The Eleventh Circuit has stated that courts should "presume adequate representation when an existing party seeks the same objectives as the would-be interveners." Clark v. Putnam County, 168 F.3d 458, 461 (11th Cir. 1999). Although this presumption is "weak," it imposes on the proposed intervener "the burden of coming forward with some evidence to the contrary." Id. (emphasis added). There is no such evidence in this case. Although Taitz states in conclusory fashion that her interests "are not being represented by the current parties to this action," the only support she provides for this contention is her claim that --- unlike the Attorneys General --- she is a doctor whose "gainful employment in Dental Surgery" will be directly impacted. However, the fact that she might be affected by the Act on a more personal level than the current named plaintiffs does not constitute evidence that representation by the Attorneys General is inadequate.

Assuming arguendo that Taitz has met her initial burden of providing "some evidence" that adequate representation should not be presumed, the court then "returns to the general rule that adequate representation exists 'if no collusion is

shown between the representative and an opposing party, if the representative does not have or represent an interest adverse to the proposed intervener, and if the representative does not fail in fulfillment of his duty.'" Id. (citation, alteration omitted). Because there is no suggestion whatsoever (let alone any evidence) of collusion, adverse interest, or failure of duty, the representation by the Attorneys General must be deemed adequate. That conclusion is bolstered by the obvious existence of multiple experienced attorneys as named plaintiffs, along with their staffs and attorney of record representing them. Intervention is inappropriate as of right.

Taitz argues alternatively that the court should grant permissive intervention. Rule 24(b)(1)(B) provides that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Whether to grant permissive intervention is left to the discretion of the district court. See, e.g., United States v. Dallas County Com'n, Dallas County, Ala., 850 F.2d 1433, 1443 (11th Cir. 1988) ("The decision whether to allow permissive intervention is committed to the sound discretion of the district court, and will not be disturbed absent a clear abuse of discretion."). "'If there is no right to intervene as of right under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.'" Worlds v. Dep't of Health and Rehabilitative Services, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1913, at 376-77 (2d ed. 1986)).

Accordingly, in the exercise of my "sound discretion," I will deny the request for permissive intervention on the facts of this case. The parties to this litigation, and, indeed, the citizens of this country, have an interest in having this case resolved as soon as practically possible. That task will be made exponentially more

difficult if all those who have an opinion and an interest in the outcome of the case were allowed to intervene and to join in these proceedings. Already this court has received many such pro se requests for intervention. Furthermore, with respect to Taitz's motion in particular, I believe the parties to this case and the court should remain focused solely on the legal issues raised by the named plaintiffs, and not concern themselves with collateral issues (such as, for example, whether President Obama has provided sufficient proof of a valid birth certificate).

For these reasons, Dr. Taitz's motion to intervene (doc. 17) must be, and is, DENIED.

DONE and ORDERED this 8th day of April, 2010.


/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge