:           ,

Case3:10-cv-00091-RV-EMT    Page 1 of 8

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STATE OF FLORIDA, ET AL

vs                                          Case No.   3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

## EX PARTE UNINSURED INDIVIDUAL TAXPAYER SALAMONE

## PETITION

The uninsured individual taxpayer, Gary P. Salamone petitions the Court for permission to join

this suit, so that contentions of the other parties are examined within the context of his own

counter-claims and claims, the petition being made in no small part because the objective

interests and Constitutional rights of this uninsured taxpayer, not to mention those of America's

estimated other 46.3 million uninsured, have been unrepresented and entirely neglected

throughout the course of what has been termed the "national debate on health-care reform."

This petitioner not only joins other parties in calling the Court's attention to the unconstitutionality

of  defendants' prospective fine on uninsured taxpayers, but also complains of "comprehensive

health-care reform's" utter post-2007 lack of Constitutional inspiration, influence or motivation,

existing law's violation of this and other uninsured taxpayers' Constitutional rights to the same

government health benefits our tax payments provide for complete strangers—an **involuntary**

**act of charity that sacrifices personal well-being**—and, as a result, existing law's arbitrary

and discriminatory treatment in establishing a health-coverage effective date in 2013 or 2014.

The above-mentioned uninsured individual petitions the Court for an award of $400,000 to pay

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STATE OF FLORIDA, ET AL

vs                                          Case No.  3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

impending medical expenses <u>and</u> medical bills that have accrued during the 32 years he has been required to help pay for the health benefits and medical bills of others to his own detriment, the period more particularly since February 20,2008.   Had the uninsured individual taxpayer been accorded a fair and thorough hearing into his Constitutional rights and claims and had his right to equal health protection been recognized as timely as when he began making his diligent claims, he would have the benefit of the most advantageous government health-benefits program he was required to support.   Short of retroactivity back to February 20,2008, the uninsured individual taxpayer seeks an award of $400,000, together with extension to him of such most advantageous government health-benefits program effective April 5,2010.

### BACKGROUND

It should come as no surprise to those who favored passage of health-care reform in general that this particular legislation is unconstitutional on a number of points. After all, no care was taken, either in debate or drafting of health-care expansion, to consciously and deliberately ensure compatibility with the U.S. Constitution/Bill of Rights. In fact, as the original plaintiff in Oregon District Case Number 00-6406 and subsequent action for **Constitutionally-**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STATE OF FLORIDA, ET AL

vs                                                    Case No.   3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

**prescribed relief** for this working-poor uninsured taxpayer, and logically other uninsured individuals similarly situated, this petitioner can attest to obstinate resistance in the public forum to even debating the Constitutional case for equal health protection. (This petitioner's original pleadings summarized: Let me, at least, keep that part of my money collected in taxes used to pay for the government health benefits of others, so that I can afford to arrange for health insurance of my own or contract for health services when needed.)

Indeed, no law school or political party this writer contacted would entertain sponsoring or participating in such a debate. Even the League of Women Voters in San Diego County expressed no interest in considering the Constitutional merits of extending health-care coverage, or so much as a tax exemption, to uninsured taxpayers required to help subsidize the government health benefits of others from personal funds we actually require to obtain health insurance on our own or contract for health services for ourselves or family members on an as-needed basis. But, then, it is to be remarked that, although President Barack Obama opposed taxation of AIG retention bonuses on Constitutional grounds, although Congressman Barney Frank claimed his reading of the U.S. Constitution supports recognition of homosexual marriage, although Homeland Security Secretary Janet Napolitano questioned

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STATE OF FLORIDA, ET AL

vs                                                    Case No.  3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

the constitutionality of local enforcement of federal immigration laws, although Senator John Kerry insisted that regulation of gun ownership squares with Second Amendment rights, and although Texas Governor Rick Perry expressed criticism of what he said were infringements of the states' Tenth Amendment rights, health-care reform was argued in a **Constitutional vacuum**, entirely outside the realm of Constitutional considerations.  And, so, a finding by the Court of the given legislation's unconstitutionality will afford citizens a notable lesson and education in the rule of law!

### DISCUSSION

In the case at hand, the state Attorneys-General have presented the Court with partial evidence in support of their contention that it is unconstitutional to fine uninsured Americans for lack of health insurance, and, yet, the introduction of only partial evidence in development of any argument is, in the science of Logic, to risk commission of *the fallacy of suppressed evidence.* This petitioner has no problem with the states invoking the Commerce Clause to show that Americans may not be fined or "taxed" precisely because they lack health-care coverage, but in limiting their argument basically to a single provision of the

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

STATE OF FLORIDA, ET AL

vs                                                    Case No.   3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

*supreme law of the land,* they attempt to discourage consideration of the larger, important question of whether, if it is unconstitutional to fine uninsured taxpayers and our family members because we are without health insurance, it might also be unconstitutional, as this petitioner contends, to fine uninsured taxpayers and our family members, because we cannot constitutionally be fined for lack of the equal health protection that the Fourteenth Amendment Equal Protection Clause already entitles us to receive, anyway. In short, **equal health protection** was not originally a Constitutional right for uninsured taxpayers and our family members, but, once government began creating short- as well as long-term coverage for others using the tax money collected from uninsured taxpayers, officials have likewise incurred a Constitutional obligation to provide those same government health benefits to uninsured taxpayers and our family members.

As "health-care reform" is written, it also runs afoul of the Constitutional principle that tax receipts must be used for a **public purpose**, four Justices of the U.S. Supreme Court pointing this out in the case of *Steward Machine Company v. Davis* (1937).  Of course, *not Medicare singly,   or in combination with the government health benefits*

Case3:10-cv-00091-RV-EMT    Page 6 of 8

*Page 6 of 8*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

STATE OF FLORIDA, ET AL

vs                                      Case No.   3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

provided others (federal civil-service employees,  undocumented aliens in detention, the U.S. prison-inmate population, Medicaid recipients, Veterans Affairs hospital/clinic patients, Children's Health Insurance Program users, Native Americans, COBRA enrollees, state civil-service workers, school-district personnel or other municipal employees), uses the payroll taxes, federal/state/local income taxes, federal excise and state and local sales taxes, and even local property taxes collected from us uninsured taxpayers to provide health benefits to the entire American public, including uninsured taxpayers and our family members; this substantial deficiency renders these programs publicly-funded, but exclusively for **private benefit.**  To threaten uninsured taxpayers and our family members with a fine or punitive tax, in effect, due to our inability to arrange for health insurance, is not only to further deprive us of property in violation of the Fifth Amendment, but it is to compound the problem of **income re-distribution** from which we already suffer, for our income is already taken and distributed to others, whose government health benefits we are required to help subsidize through a multitude of different tax payments.

Since government health insurance has become a **Constitutional right for uninsured**

Case3:10-cv-00091-RV-EMT    Page 7 of 8

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STATE OF FLORIDA, ET AL

vs                                            Case No.   3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

**taxpayers and our family members** by virtue of public officials enacting government health-insurance laws, health-benefits laws and health-services laws, the **effective date** proposed in the "health-care reform" the state Attorneys-General challenge is itself unconstitutional.     This party in the afore-mentioned **Constitutionally-based claim** acted well in advance of February 20,2008, the date he actually required the same health protection his taxes were providing for others, so officials who arbitrarily set an effective date of 2013 or 2014 violate his Constitutional rights and, by extension, the rights of other uninsured taxpayers and our family members.  Since supporters of the "health-care reform" at issue have argued that lack of access to appropriate health care is responsible for the deaths of an estimated 45,000 Americans annually, they cannot constitutionally contribute to that death toll.   Therefore, the effective date must be February 20,2008, instead, for those who claim it, such as this writer has, and who require equal health protection earlier than 2013.

Thirdly, while the state Attorneys-General signal that Congress should be sent back to the drawing board to correct the unfunded federal mandate in "health-care reform" for

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA, ET AL

vs                                                    Case No.   3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

the states to increase health-care spending, this uninsured individual taxpayer also finds fault with the continuing **discriminatory policy** of means-testing, which promotes a **separate-but-equal health-care system.** We uninsured taxpayers help to support a multitude of different government health-benefits programs involving no means-testing whatsoever for program beneficiaries, but when uninsured taxpayers seek the same health protection provided to others uninsured taxpayers are subjected to the indignity of the means-testing of the Medicaid program and, as a result, we are denied the "equal protection of the laws."

*Gary P. Salamone*
Gary Paul Salamone
501 W. Broadway
Plaza A, PMB# 265
San Diego, CA 92101-3536
(858) 492-8696
FAX: None at present
Pro se

CaseS: 10-cv-00091 -RV-EMT   Page 1 of 1

Page 1 of 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STATE OF FLORIDA, ET AL

vs                                    Case No.   3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

## CERTIFICATE  OF  SERVICE

I certify that copies of the eight-page *Ex Parte Salamone* document have been

served by First Class mail upon both the State of Florida Attorney-General and

the Acting General Counsel representing the U.S. Department of Health and

Human Services and, with the Court's leave, service of this document on the

other plaintiffs and defendants referenced as "et al" will be suspended under

the Local Rule 5.1 (D) provision for ex *parte* pleadings.

*Gary P. Salamone* 4/7/2010
Gary Paul Salamone
501 W. Broadway
Plaza A, PMB# 265
San Diego, CA 92101-3536
(858) 492-8696
FAX: None at present
*Pro se*

CaseS: 10-cv-00091 -RV-EMT    Page 1 of 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

STATE OF FLORIDA, ET AL

vs                                                          Case No.  3:10cv91 RV/EMT

UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES, ET AL

## PERMISSION REQUESTED TO PROCEED

The petitioner Gary P. Salamone requests the Court's permission to proceed
without prior payment of fee. With my medical bills threatening to wipe out my
available personal resources and claim my very modest $50,000 home—which
is in need of repairs— just as I am sure is the case with other working-poor
uninsured taxpayers, I cannot imagine how our group will ever receive justice in
this nation if use of the courts in defense of our Constitutional rights is dependent
upon financial ability to meet living costs and pay a $350 fee, as well. While,
in a sense, I have already paid the fee through my federal tax payments,
unfortunately, the defendants are now using those funds to work at cross
purposes to this and other uninsured taxpayers.

*Gary P. Salamone 4/7/2010*
Gary Paul Salamone
501 W. Broadway
Plaza A, PMB# 265
San Diego, CA 92101-3536
(858) 492-8696
FAX: None at present
*Pro se*