IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA, by and
through Bill McCollum, et al.,

    Plaintiffs,

    v.                              Case No.: 3:10-cv-91-RV/EMT

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

    Defendants.
_____/

## ORDER ON MOTIONS TO INTERVENE

On April 8, 2010, I entered an order denying a Rule 24 motion to intervene filed by a pro se non-party, Orly Taitz. She now moves for reconsideration of that order, or, in the alternative, for certification of an interlocutory appeal (doc. 27). Also pending are several pro se motions to intervene filed by four other individuals: Gary P. Salamone (doc. 20); Robert P. Smith, Jr. (doc. 23); Steve Schonberg (docs. 21, 36); and Stephen P. Wallace (doc. 34).[1]

This litigation has been filed by thirteen state Attorneys General.[2] It raises constitutional challenges to the federal healthcare law, the Patient Protection and Affordable Care Act ("the Act"). Millions of people throughout the country have strong opinions about the Act and are interested in the outcome of this case. The

---

[1] Wallace's pleading is entitled "Entry of Appearance For the People of the State of Oklahoma by Private Attorney General Stephen P. Wallace." Because the document states that he is seeking to enter and join this case (albeit as a "Private Attorney General"), I will construe this pleading as a motion to intervene.

[2] It has been announced that at least five more Attorneys General plan to join this case as plaintiffs, but they have not formally done so at this time.

pending motions take varying positions. Taitz seeks to intervene on the ground that the Act is invalid because Obama was purportedly not born in the United States, so he is ineligible to be President and could not sign the bill into law. Salamone objects to the Act on the ground that it violates the Commerce Clause, inter alia. Smith has taken the exact opposite position as he contends that "the Act deeply implicates Interstate Commerce" and thus does not offend the Commerce Clause. Schonberg maintains that the Act is unconstitutional, but "[it] is unconstitutional for different reasons" than those raised by plaintiffs in their complaint. Specifically, he objects to the Act as a "severely compromised" law that is a product of "unconscionable campaign contributions, outright bribery of, and/or illegal gratuities given to the members of Congress by Big Health." He wants this court to declare the Federal Election Campaign Act of 1971 unconstitutional so that Congress can go back and pass "real health care reform" that will "put for-profit health insurance companies . . . out of business." Meanwhile, Wallace "Re-alleges and Readopts ALL CAUSES OF ACTION" advanced by the Attorneys General.

As I wrote in my April 8th order, if everyone who has an opinion and interest in the outcome of this case were allowed to intervene and join the proceedings, it would be virtually impossible to resolve this case in an efficient and timely fashion. The Eleventh Circuit has observed that, pursuant to Rule 24 of the Federal Rules of Civil Procedure, courts must "set bounds" in deciding motions to intervene because "[t]he original parties have an interest in the prompt disposition of their controversy and the public also has an interest in efficient disposition of court business." Fox v. Tyson Foods, Inc., 519 F.3d 1298, 1302 (11th Cir. 2008) (citation and quotation marks omitted). Rule 24 sets forth two types of intervention: (i) intervention as of right, and (ii) permissive intervention. With respect to the former, the court must grant intervention if the movant establishes that (1) his application to intervene is timely; (2) he has an interest in the property or transaction at issue in the case; (3)

he is so situated that disposition of the action may impede or impair his ability to protect that interest; and (4) his interest is being represented inadequately by the current parties to the action. Id. at 1303. Permissive intervention, by contrast, is "wholly discretionary with the court" and may be denied "even though there is a common question of law or fact." Worlds v. Dep't of Health and Rehabilitative Serv., 929 F.2d 591, 595 (11th Cir. 1991) (citation and quotation marks omitted). With the foregoing in mind, I will now turn to the pending motions.

    Taitz has not raised any arguments that justify reconsideration of her initial motion to intervene. Her renewed claim that President Obama was born in Kenya and is thus "occupying [his] position by fraud" is simply not relevant or at issue in this litigation. Her motion for reconsideration or for certification of an interlocutory appeal must be denied.

    With respect to the other would-be interveners, they have also not shown that intervention as of right or permissive intervention is required or appropriate. Wallace and Salamone have not addressed the four-prong analysis for intervention as of right --- discussed above and in my previous order (doc. 18) --- nor have they given any persuasive reason why I should grant permissive intervention. Schonberg contends, among other things, that he is entitled to intervention as of right because he has a separate lawsuit pending in the United States District Court for the Middle District of Florida that "presently challenges the validity of the process by which [the Act] was enacted" and "this Court's disposition of that issue will impair and impede [his] ability to make his arguments on the same Act, but in a different federal court." However, I considered and rejected this same argument in my order denying Taitz's motion to intervene. I noted that a mere possibility of inconsistent results in cases filed by different individuals in different district courts does not, by itself, hamper or impair a litigant's legal interests. See generally In re Holocaust Victim Assets Litig., 225 F.3d 191, 199 (2d Cir. 2000) (rejecting argument that

*Case No.: 3:10-cv-91-RV/EMT*

intervention is required, <u>inter alia</u>, to ensure "uniformity of decisions" between two separately-filed lawsuits). And while Smith has shown that his motion to intervene is both timely and that he has an interest in the case, he has not argued (let alone established) that his legal interests will be "impeded" or "impaired" in the absence of intervention. Nor has he shown that the very competent attorneys representing the federal government will inadequately represent those interests.[3]

For these reasons, Orly Taitz's motion for reconsideration or certification of interlocutory appeal (doc. 27) is DENIED. The motions to intervene filed by Gary P. Salamone (doc. 20), Robert P. Smith, Jr. (doc. 23), Steve Schonberg (docs. 21, 36), and Stephen P. Wallace (doc. 34) are also DENIED.

The court has now considered six separate motions to intervene in this case. In order to save time and conserve judicial resources, any and all future motions to intervene that do not satisfy the legal standard set forth above and in my previous order (doc. 18) will be summarily denied.

---

[3] Smith has filed a supplemental memorandum of law (doc. 30) in which he contends that the defendants' failure to challenge venue during the recent Rule 16 conference "proves without doubt" that the defendants are "unwilling or unable to represent Movant's interests effectively." On the contrary, the fact that defense counsel did not raise a particular legal argument (that Smith believes is viable) at a preliminary Rule 16 scheduling conference and before any responsive pleading has been filed merely indicates that counsel was following the Rules of Civil Procedure. Smith's motion makes clear that his ultimate interest is having the Act upheld as constitutional --- an objective that the defendants obviously share. In short, Smith has not put forth any evidence to suggest that representation by the very capable attorneys representing the federal government is inadequate. See <u>Clark v. Putnam County</u>, 168 F.3d 458, 461 (11th Cir. 1999) (when existing parties seek the same objective as the would-be intervener, the intervener must produce "some evidence" that the current representation is inadequate; representation is presumed adequate if there is no collusion, adverse interest, or failure of duty).

*Case No.: 3:10-cv-91-RV/EMT*

DONE and ORDERED this 23rd day of April, 2010.

>   /s/ *Roger Vinson*
>   ROGER VINSON
>   Senior United States District Judge