# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:10-cv-00091-RV-EMT |
| | ) |
| U.S DEPARTMENT OF HEALTH | ) |
| AND HUMAN SERVICES, et al | ) |
| | ) |
| Defendants | ) |

## MOTION OF PROPOSED INTERVENOR STEVE SCHONBERG
## FOR PARTIAL ADMISSION TO THE COURT'S CM/ECF SYSTEM

Proposed Intervenor Schonberg has a PACER account and agrees that as a pro se litigant he will not file documents electronically. Schonberg requests a Court Order requiring that he receive all filed documents electronically at the email address below.

### Argument

Schonberg has been on the CM/ECF system, pro se, in the U.S District Court for the Middle District of Florida for several months in the matter of Schonberg et al v. Sanders et al, , Case No. 5:09-cv-534-Oc-32-JRK. There have been no problems. He has filed all documents manually in that case.

On April 12, 2010 the Court's Clerk filed the Motion of Proposed Intervenor Steve Schonberg to Intervene as a Plaintiff, Doc. 21, without Schonberg's knowledge. Attached as

Filed 0426'10 USDC FLn 3PM0113

Exhibit 1 hereto is the cover page of one of the 6 copies the Court's Clerk returned to Schonberg showing a "received" stamp but not a filed stamp. Schonberg's cover letter to the Court's Clerk clearly asked that endorsed and conformed copies be returned to him for service. Because of the mistake, Schonberg's original Motion to Intervene was never properly served on the Defendants. Had Schonberg received proper U.S. Mail or electronic notification of his original filing, the Revised Motion to intervene of Schonberg, which Schonberg asked to be filed on April 20, 2010, would never have been sent.

The matter before the Court is perhaps the most important State's rights case since *Marbury v. Madison*, 5 U.S. 137 (1803). It is being very closely monitored by hundreds of individuals. Schonberg sincerely apologizes to all, including primarily the Court, who collectively wasted a vast amount of time because of a minor clerical error.

RESPECTFULLY SUBMITTED,

_____
Proposed Intervenor Steve Schonberg, pro se
7938 SE 12th
Ocala, FL. 34480
352-789-0610
Email: sschonberg@aol.com

### CERTIFICATION OF SERVICE:

The undersigned hereby Certifies that on **Thursday, April 22, 2010** he sent the foregoing pleading via First Class U.S. Mail for filing upon receipt to the Clerk of Court, Pensacola Office, United States District Court for the Northern District of Florida, which will result in electronic service on all plaintiffs and defendants.

_____
Steve Schonberg, pro se

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| STATE OF FLORIDA et al, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 3:10-cv-91-RV-EMT |
| U.S DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al | ) ) ) ) |
| Defendants | ) |

### MOTION OF PROPOSED INTERVENOR STEVE SCHONBERG TO INTERVENE AS A PLAINTIFF

**Status of Proposed Intervenor Steve Schonberg[1]**

1. Schonberg is a plaintiff in Schonberg et al v. Sanders et al, U.S District Court for the Middle District of Florida, Case No. 5:09-cv-534-Oc-32-JRK, filed on December 3, 2009.[2] Prior to the time President Obama signed the "Patient Protection and Affordable Care Act" into law, Schonberg's lawsuit alleged among other things:

A. That 2 U.S.C. §432, §434, §439, and §441i[3] are unconstitutional and in violation of the Constitution, Article I, Section 6, Clause 2[4]:

---

[1] Hereafter referred to as "Schonberg," so as not to be confused with others who may seek to intervene.
[2] Hereafter referred to as "Schonberg's lawsuit."
[3] These sections are part of the Federal Election Campaign Act of 1971, 2 U.S.C.§ 431 et seq., (hereafter referred to as the "**FECA Law**")
[4] This clause will hereafter be referred to as the "emoluments clause."

Rec'd 0412'10UsDcFln3PM0131

EXHIBIT 1