IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STATE OF FLORIDA, by and through BILL McCOLLUM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Civil Action No. 3:10-cv-00091-RV-EMT |

**MOTION FOR EXTENSION OF TIME
TO RESPOND TO AMENDED COMPLAINT**

Defendants, the United States Department of Health and Human Services, *et al.*, through undersigned counsel, hereby move the Court for a 30-day extension of time to respond to Plaintiffs' amended complaint, which significantly broadens this litigation by adding two new categories of plaintiffs — individuals and an association of small businesses — and three new substantive claims. In support of this motion, Defendants state as follows:

1. During the scheduling conference held on April 14, 2010, the parties agreed upon, and the Court later entered, the following briefing schedule:

| | |
|---|---|
| May 14, 2010 | Plaintiffs' amended complaint due |
| June 16, 2010 | Defendants' motion to dismiss due |
| Aug. 6, 2010 | Plaintiffs' opposition to Defendants' motion to dismiss due |
| Aug. 27, 2010 | Defendants' reply due |
| Sept. 14, 2010 | Oral argument on Defendants' motion to dismiss |

Final Sched. Order 2 (Apr. 14, 2010) [Doc. No. 26].  That schedule afforded Plaintiffs approximately 30 days to amend their complaint, and Defendants about 30 days to respond.

2. Defendants assented to this schedule on the understanding, based on the representations of Plaintiffs' counsel, that the amendments to the complaint would not be substantial, and would not significantly expand or revise the original complaint — namely, that additional states would join as plaintiffs, and that any modifications to the existing claims would primarily respond to any relevant changes effected by the Health Care and Education Reconciliation Act of 2010 ("Reconciliation Act"), Pub L. No. 111-152, 124 Stat. 1029 (2010), which was enacted after the original complaint was filed.  *See* Sched. Hrg. Tr. 10:8-15 (Apr. 14, 2010) [annexed as Ex. A] ("[W]e indicated, by the way, to the Department of Justice attorneys that we would be amending this complaint of ours.  We have a need to do that not only because we have several other parties coming in, several states that are going to be joining, but in addition to that, of course, we had reconciliation legislation that was passed that has modified the terms of the Act itself, and the Act, of course, as Your Honor knows, is quite lengthy.").

3. The amended complaint, however, is not consistent with this understanding.  For example:

- The amended complaint does not merely add states as plaintiffs.  Instead, it adds two individual plaintiffs, as well as a national business association.  The addition of these private plaintiffs raises distinct issues with respect to the Act's alleged effect on these groups, including whether, as a threshold jurisdictional matter, they have standing to sue.  It is also at odds with the Court's recognition that the joinder of "all those who have an opinion and an interest in the outcome of the case" will make its speedy resolution "exponentially more difficult."  Order 4-5

(Apr. 8, 2010) [Doc. No. 18].

- The original complaint raised three claims.  The amended complaint raises six.

- Of the three new claims, two had no precursor whatsoever in the original complaint.  Count Two now alleges that the Act deprives Plaintiffs of an asserted right to be free of "federal governmental compulsion."  Am. Compl. ¶ 78.  Count Six alleges that the Act interferes with the rights of states as employers.  *Id.* ¶ 90.  Neither of these claims hinges on any changes effected by the Reconciliation Act.

- The claims that emerged from those advanced in the original complaint reflect substantial changes.  For example, Plaintiffs no longer allege that the Act mandates state participation in health benefit exchanges, but rather that the states object to the regulatory consequences if they elect not to participate.

- The United States is responding to numerous lawsuits across the country challenging the Act.  While some of the legal issues raised by these cases overlap, each raises distinct threshold issues that require independent assessment.  Moreover, many of the issues framed in the amended complaint are unique to this case.  Thus, the burden of responding in these other cases does not alleviate the burdens posed by this case.

4. In accordance with Local Rule 7.1(B), counsel for Defendants conferred with counsel for Plaintiffs to request their consent to a 30-day extension.  Plaintiffs offered only one week — provided that Defendants' time to reply would be reduced by 5 days, and that the date of oral argument would remain unchanged — citing the "exigent circumstances" presented by this case.  The key provisions at issue in this suit, however, do not take effect until 2014.  Under the schedule proposed in this motion, briefing would be completed in late September, years

before the effective date of these provisions. Moreover, at the April 14 scheduling hearing, Plaintiffs proposed a schedule that included an additional round of summary judgment briefing lasting well into November 2010, a schedule they then described as "fairly aggressive and efficient." *See* Sched. Hrg. Tr. 13:9 (Apr. 14, 2010). Thus, a 30-day extension will not prejudice Plaintiffs or unduly delay proceedings.

5.   In view of Plaintiffs' substantial amendments to the original complaint, and to afford sufficient time for Defendants to review the new allegations and prepare a considered response on issues that have nationwide significance, there is good cause to extend Defendants' deadline to respond to Plaintiffs' amended complaint.

WHEREFORE, Defendants respectfully request that they be granted a 30-day extension of time to respond to Plaintiffs' amended complaint, and that the subsequent briefing deadlines be adjusted accordingly. A proposed order is attached.

Dated: May 25, 2010                              Respectfully submitted,

TONY WEST
Assistant Attorney General

IAN HEATH GERSHENGORN
Deputy Assistant Attorney General

THOMAS F. KIRWIN
United States Attorney

SHEILA LIEBER
Deputy Director

 /s/ *Eric Beckenhauer*
BRIAN KENNEDY
Senior Trial Counsel
ERIC B. BECKENHAUER, Cal. Bar No. 237526
Trial Attorney
U.S. Department of Justice

        Civil Division, Federal Programs Branch
        20 Massachusetts Ave. NW
        Washington, DC 20530
        Telephone: (202) 514-3338
        Facsimile: (202) 616-8470
        E-mail: eric.beckenhauer@usdoj.gov

*Attorneys for Defendants*

## RULE 7.1(B) CERTIFICATION

In accordance with Local Rule 7.1(B), counsel for Defendants conferred with counsel for Plaintiffs, Blaine Winship, in an effort to resolve this issue. Plaintiffs oppose the relief requested herein. Plaintiffs would consent, however, to a 7-day extension of Defendants' deadline to respond to Plaintiffs' amended complaint, provided that Defendants' time to reply were reduced by 5 days, and that the date of oral argument were unchanged.

        /s/ *Eric Beckenhauer*
        ERIC B. BECKENHAUER
        Trial Attorney
        U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2010, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Plaintiffs' counsel of record.

        /s/ *Eric B. Beckenhauer*
        ERIC B. BECKENHAUER
        Trial Attorney
        U.S. Department of Justice