**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| STATE OF FLORIDA, et al.,     ) | |
|          ) | |
|     Plaintiffs,     ) | |
|          ) | Case No. 3:10cv00091/RV |
|          ) | |
|          ) | Pensacola, Florida |
|          ) | April 14, 2010 |
|     v.     ) | 9:05 a.m. |

STATE OF FLORIDA, et al.,            )
                                     )
        Plaintiffs,                  )
                                     )
                                     )    Case No. 3:10cv00091/RV
                                     )
                                     )    Pensacola, Florida
                                     )    April 14, 2010
        v.                           )    9:05 a.m.
                                     )
UNITED STATES DEPARTMENT OF          )
HEALTH AND HUMAN SERVICES,           )
et al.,                              )
                                     )
        Defendants.                  )
_____)

RULE 16 SCHEDULING CONFERENCE PROCEEDINGS
BEFORE THE HONORABLE ROGER VINSON,
SENIOR UNITED STATES DISTRICT JUDGE
(Pages 1 through 46)

**APPEARANCES FOR PLAINTIFFS**

| | |
|---|---|
| **State of Florida:** | **CHESTERFIELD SMITH, JR., ESQUIRE**<br>Senior Assistant Attorney General<br>**BLAINE H. WINSHIP, ESQUIRE**<br>Assistant Attorney General<br>**JOSEPH W. JACQUOT, ESQUIRE**<br>Deputy Attorney General |
| (via teleconference) | **SCOTT D. MAKAR, ESQUIRE**<br>Deputy Solicitor General<br>Office of the Attorney General<br>The Capitol, Suite PL-01<br>Tallahassee, Florida  32399-1050 |
| | **DAVID B. RIVKIN, JR., ESQUIRE**<br>BAKER & HOSTETLER, LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-5304 |
| **State of Alabama:**<br>(via teleconference) | **PETER J. SMYCZEK, ESQUIRE**<br>Deputy Attorney General<br>Office of the Attorney General<br>500 Dexter Avenue<br>Montgomery, Alabama  36130 |
| **State of Colorado:**<br>(via teleconference) | **DANIEL D. DOMENICO, ESQUIRE**<br>Solicitor General<br>Office of the Attorney General<br>1525 Sherman Street<br>Denver, Colorado  80203 |
| **State of Indiana:**<br>(via teleconference) | **THOMAS M. FISHER, ESQUIRE**<br>Solicitor General<br>Office of the Attorney General<br>Indiana Government Center South<br>302 W. Washington Street, 5th Floor<br>Indianapolis, Indiana  46204 |
| **State of Michigan:**<br>(via teleconference) | **B. ERIC RESTUCCIA, ESQUIRE**<br>Solicitor General<br>Office of the Attorney General<br>G. Mennen Williams Building, 4th Floor<br>525 W. Ottawa Street<br>Lansing, Michigan  48909 |

| | |
|---|---|
| 1 | **<u>APPEARANCES FOR PLAINTIFFS</u>** |
| 2 | **State of Nebraska:** **KATHERINE J. SPOHN, ESQUIRE** |
| | (via teleconference) Special Counsel |
| 3 | Office of the Attorney General |
| | 2115 State Capitol |
| 4 | Lincoln, Nebraska  68509 |
| 5 | **State of Nevada:** **MARK A. HUTCHISON, ESQUIRE** |
| | (via teleconference) Special Counsel |
| 6 | **JACOB REYNOLDS, ESQUIRE** |
| | HUTCHISON & STEFFEN |
| 7 | Peccole Professional Park |
| | 10080 West Alta Drive, Suite 200 |
| 8 | Las Vegas, Nevada  89145 |
| 9 | **State of South Carolina:** **BRYAN P. STIRLING, ESQUIRE** |
| | (via teleconference) Deputy Attorney General |
| 10 | **J. EMORY SMITH, JR., ESQUIRE** |
| | Assistant Deputy Attorney General |
| 11 | Office of the Attorney General |
| | Post Office Box 11549 |
| 12 | Columbia, South Carolina  29211 |
| 13 | **State of South Dakota:** **MARTY J. JACKLEY, ESQUIRE** |
| | (via teleconference) Attorney General |
| 14 | **CHARLIE MCGUIGAN, ESQUIRE** |
| | Assistant Attorney General |
| 15 | Office of the Attorney General |
| | 1302 E. Highway 14, Suite 1 |
| 16 | Pierre, South Dakota  57501-8501 |
| 17 | **State of Pennsylvania:** **J. BART DELONE, ESQUIRE** |
| | (via teleconference) Senior Deputy Attorney General |
| 18 | Office of the Attorney General |
| | 16th Floor, Strawberry Square |
| 19 | Harrisburg, Pennsylvania  17120 |
| 20 | **State of Texas:** **WILLIAM J. COBB, III, ESQUIRE** |
| | (via teleconference) Special Assistant and Senior Counsel |
| 21 | Office of the Attorney General |
| | 300 W. 15th Street |
| 22 | Austin, Texas  78701 |
| 23 | **State of Utah:** **JOHN SWALLOW, ESQUIRE** |
| | (via teleconference) Chief Deputy, Civil Divisions |
| 24 | Office of the Attorney General |
| | Utah State Capitol Complex |
| 25 | 350 North State Street, Suite 230 |
| | Salt Lake City, Utah  84114-2320 |

| | |
|---|---|
| 1 | **APPEARANCES FOR PLAINTIFFS** |
| 2 | **State of Washington:**    **ROBERT M. MCKENNA, ESQUIRE** |
| | (via teleconference)   Attorney General |
| 3 |                         **BRIAN T. MORAN, ESQUIRE** |
| |                         Chief Deputy Attorney General |
| 4 |                         1125 Washington Street SE |
| |                         Olympia, Washington  98504-0100 |
| 5 | |
| | **State of Arizona:**    **JOSEPH KANEFIELD, ESQUIRE** |
| 6 | (via teleconference)   General Counsel |
| |                         Office of the Attorney General |
| 7 |                         1275 West Washington Street |
| |                         Phoenix, Arizona  85007 |
| 8 | |
| | **APPEARANCES FOR DEFENDANTS** |
| 9 | |
| | **United States of America: IAN HEATH GERSHENGORN, ESQUIRE** |
| 10 |                         Deputy Assistant Attorney General |
| |                         U.S. Department of Justice |
| 11 |                         RFK Main Justice Building, Room 3137 |
| |                         950 Pennsylvania Avenue, N.W. |
| 12 |                         Washington, DC  20530 |
| 13 |                         **BRIAN G. KENNEDY, ESQUIRE** |
| |                         Senior Trial Counsel |
| 14 |                         **ERIC. B. BECKENHAUER, ESQUIRE** |
| |                         Trial Attorney |
| 15 |                         U.S. Department of Justice, Civil |
| |                         Federal Programs Branch |
| 16 |                         20 Massachusetts Avenue, N.W. |
| |                         Washington, DC  20530 |
| 17 | |
| |                         **PAMELA A. MOINE, ESQUIRE** |
| 18 |                         Assistant United States Attorney |
| |                         21 East Garden Street, Suite 400 |
| 19 |                         Pensacola, Florida  32502 |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

1       **PROCEEDINGS**

2          **(Court called to order.)**

3          **THE COURT:**  Good morning, everyone.  Be seated,

4    please.

5          Let me welcome those of you who are from out of town.

6    And pursuant to notice, we're here for a Rule 16 conference.

7    And we have a number of participants on the telephone.

8          Have you already checked those in, Jerry?

9          **THE CLERK:**  I have, Judge.  There's a couple that did

10   not answer up.

11         **THE COURT:**  All right.  Let's take appearances then,

12   starting with those here in the courtroom, and then we'll

13   proceed to see who is on the line.

14         So beginning with our Plaintiffs, who wants to begin?

15         **MR. WINSHIP:**  I will.  Thank you, Your Honor.  Blaine

16   Winship, Assistant Attorney General for the State of Florida,

17   here for Plaintiffs.

18         **MR. SMITH:**  Chesterfield Smith, Senior Assistant

19   Attorney General on behalf of the Plaintiffs the State of

20   Florida and the other states and attorneys general.

21         **MR. RIVKIN:**  David Rivkin, Baker & Hostetler, on

22   behalf of Plaintiffs.

23         **THE COURT:**  Mr. Rivkin, all right.

24         **MR. JACQUOT:**  Joe Jacquot, Deputy Attorney General, on

25   behalf of Plaintiffs.

1          **THE COURT:**  All right.  And for our Defendants?

2          **MR. GERSHENGORN:**  Good morning, Your Honor.  Ian

3    Gershengorn from the civil division of the Justice Department on

4    behalf of the United States, the Defendants.

5          **MR. KENNEDY:**  Brian G. Kennedy, also from the civil

6    division.

7          **MR. BECKENHAUER:**  Eric Beckenhauer, also from the

8    Department of Justice, civil division.

9          **MS. MOINE:**  Pamela Moine from the U.S. Attorney's

10   Office for the United States.

11         **THE COURT:**  All right.  And now those who are on the

12   phone, I don't know what particular order you want to -- all

13   right, let's see, do we have Alabama?

14         **MR. SMYCZEK:**  Yes, Your Honor.  Pete Smyczek with the

15   Alabama Attorney General's Office.

16         **THE COURT:**  And Florida?

17         **MR. MAKAR:**  Yes.  This is Scott Makar with the

18   Solicitor General's Office.

19         **THE COURT:**  Very well.  And Colorado?

20         **MR. DOMENICO:**  This is Dan Domenico, Solicitor

21   General.

22         **THE COURT:**  All right, sir.  Indiana?

23         **MR. FISHER:**  Tom Fisher, Solicitor General.

24         **THE COURT:**  All right, sir.  And Michigan?

25         **MR. RESTUCCIA:**  Eric Restuccia, Solicitor General.

1          **THE COURT:**  All right, sir.  And Nebraska?

2          **MS. SPOHN:**  Katie Spohn, special counsel.

3          **THE COURT:**  All right.  And Nevada?

4          **MR. HUTCHISON:**  Mark Hutchison, special counsel to the

5     governor --

6          **THE COURT:**  I'm sorry, I missed the second one.  Do

7     you have someone with you, Mr. Hutchison?

8          **MR. HUTCHISON:**  Yes.  Jacob Reynolds is with me as

9     well, Your Honor.  He's with my firm.

10          **THE COURT:**  All right.  And South Carolina?

11          **MR. STIRLING:**  Bryan Stirling, Deputy Attorney

12     General, and Emory Smith, Assistant Deputy Attorney General.

13          **THE COURT:**  Very well.  And South Dakota?

14          **MR. JACKLEY:**  Marty Jackley, Attorney General, and

15     Deputy Attorney General Charlie McGuigan.

16          **THE COURT:**  All right, sir.  Pennsylvania?

17          **MR. DELONE:**  Bart Delone, Senior Deputy Attorney

18     General.

19          **THE COURT:**  All right, sir.  And Texas?

20          **MR. COBB:**  Bill Cobb, Special Assistant and Senior

21     Counsel to the Attorney General.

22          **THE COURT:**  Thank you.  Utah?

23          **MR. SWALLOW:**  John Swallow, Chef Deputy Attorney

24     General.

25          **THE COURT:**  And Washington State?

1      **MR. MCKENNA:**  Attorney General Rob McKenna and Chief

2  Deputy Brian Moran.

3      **THE COURT:**  All right, sir.  I think that's all that I

4  have listed who are participating.  Did I miss anyone?

5      **MS. TAITZ:**  Your Honor --

6      **MR. KANEFIELD:**  Yes, Your Honor.  Joseph Kanefield

7  with the Arizona Governor Jan Brewer's office.

8      **THE COURT:**  I'm sorry, I missed that.  Say it again,

9  please.

10      **MR. KANEFIELD:**  Joseph Kanefield, general counsel to

11  Arizona Governor Jan Brewer.

12      **THE COURT:**  All right, Arizona.  Thank you.  Anyone

13  else?  Yes, ma'am.

14      **MR. TAITZ:**  I'm Orly Taitz, an attorney.  I brought

15  the pleadings, Your Honor.

16      **THE COURT:**  Why don't you come up and use this

17  microphone.  Are you the one who filed the Motion to Intervene?

18      **MR. TAITZ:**  Yes, I filed Motion for Reconsideration.

19  There are two copies here, one with the Plaintiff and one with

20  the Defendant.

21      **THE COURT:**  All right.  I've already dealt with the

22  Motion to Intervene.  I'll deal with whatever the

23  reconsideration is, but as of now you are not a participant.

24  Thank you.

25      All right.  I think we have everyone, right?

1          Well, as you know, we're here for purposes of a Rule

2     16 to try to schedule what we need to do and how to do it.  And

3     I don't need to remind you that Rule 1 of the Rules of Civil

4     Procedure emphasize that these proceedings should secure the

5     just, speedy and inexpensive determination of every action and

6     proceeding, so I hope that's what we'll be able to do.

7          There are a number of things that I want to go over

8     with you, and in no particular order, frankly.  But let me see

9     if any of you have some suggestions on maybe ways that we can

10    facilitate this and make it more effective.

11          **MR. WINSHIP:**  Yes, Your Honor.  Blaine Winship for the

12    Plaintiffs.  We have been in discussion with the attorneys who

13    are here for the Defendants, for the United States, from late

14    last week right up through this morning, in fact, about trying

15    to work together to come up with the best way to expedite this

16    case.

17          And I have a proposed form of order that I think might

18    be very useful to Your Honor.  And if I may be permitted to

19    approach just to hand you a copy?

20          **THE COURT:**  Mr. Gershengorn, have you seen this?

21          **MR. GERSHENGORN:**  I have seen it, Your Honor.  It's

22    not a joint proposal, but I have seen it.  Thank you, sir.

23          **THE COURT:**  All right.

24          **MR. WINSHIP:**  Thank you, Your Honor.  And let me say

25    at the outset, speaking on behalf of the Plaintiffs, that we

1    have not only taken to heart the spirit and intent of Rule 1,

2    but we also have been very mindful of Your Honor's own statement

3    in your order of last week, I believe it was published on the

4    8th of April, that the parties to this litigation and indeed the

5    citizens of this country have an interest in having this case

6    resolved as soon as practically possible.

7         We believe that we have come up with an approach that

8    would enable us to do exactly that.  We proposed -- we

9    indicated, by the way, to the Department of Justice attorneys

10   that we would be amending this complaint of ours.  We have a

11   need to do that not only because we have several other parties

12   coming in, several states that are going to be joining, but in

13   addition to that, of course, we had reconciliation legislation

14   that was passed that has modified the terms of the Act itself,

15   and the Act, of course, as Your Honor knows, is quite lengthy.

16        We have -- in this proposed scheduling order we have

17   indicated a date for our amended complaint to be filed, which

18   would be May 14th.  Our understanding, from talking to counsel

19   for the Department of Justice, is that there is no dispute with

20   respect to that.  If we have any difference at all, it lies

21   downstream from there.  We have indicated to them why --

22        **THE COURT:**  That's 30 days from today basically, May

23   14th?

24        **MR. WINSHIP:**  Yes, Your Honor.  They had indicated to

25   us that they desired to file a Motion to Dismiss, which, of

1    course, is not at all surprising in this type of litigation.  We

2    indicated to them that we wanted to file a Motion for Summary

3    Judgment, and we wanted to file that very quickly.  We believe

4    that our claims in this litigation are ripe for a determination

5    by Summary Judgment.  They raise essentially questions of law

6    concerning the constitutionality of the Act in question.

7         **THE COURT:**  Well, let me cut you short just a minute,

8    because it seems to me that this is really a case with no

9    factual issues, so there will be no discovery, if I view the

10   case as it seems to be.  Is that a fair assumption or am I

11   wrong?

12        **MR. WINSHIP:**  Well, I think you are essentially

13   correct, and that is our view.  Most of our causes of action

14   really will sound purely in law.  To the extent that there might

15   be any question of fact that would be involved, we believe that

16   those will be facts that are matters of public record and that

17   are beyond reasonable dispute.

18        What we propose is to have our Motion for Summary

19   Judgment and their Motion to Dismiss, in effect, sequenced.

20   When we brought that up to the Department of Justice, they

21   actually sent us back a proposed form of sequencing of these,

22   and that's pretty much reflected in what I've given Your Honor.

23        We had a couple of differences that are really minor

24   with regard to dates for -- I think the September 7th date for

25   the Plaintiffs to do an opposition to the Defendants' Motion to

1    Dismiss and for us to file our own Summary Judgment Motion.

2    They had proposed a slightly different date from that.  But

3    otherwise, we were fairly well in agreement, we thought, on

4    that.

5              This morning they indicated to us, and I'm sure they

6    will present this point themselves, that the way they would

7    prefer to proceed would be to have a Motion to Dismiss filed by

8    them and briefed and argued and decided, and then after that is

9    over we would then proceed to have our Motion for Summary

10   Judgment filed and briefed and heard.

11             And we believe that that's not in the best interest of

12   the Court or judicial economy.  We think there are a lot of

13   overlapping arguments between what they're going to be arguing

14   as a matter of law for dismissal, what we're going to be arguing

15   as a matter of law for a judgment in our favor as a matter of

16   Summary Judgment under Rule 56.

17             We note that under Rule 56 we have the right to move

18   for Summary Judgment at any time.  We also note that Rule 57,

19   with respect to declaratory judgments, does consider within its

20   purview the ordering of a speedy trial by the Court.

21             We're interested in expediting this case as well.  We

22   think that the legal issues are basically going to be

23   substantially overlapping, and we think that this proposed

24   interlocking schedule of motions and briefs, the way this is set

25   up, which is largely the product of suggestions from the

1    Department of Justice lawyers themselves, very much work to that

2    end in order to achieve that.

3           If at the end of the day, Your Honor, when all of

4    these motions are heard -- and we believe they should be heard

5    together at the same time.  And under our timing, we have -- the

6    last submission would be November 14th, and we would be ready to

7    have a hearing anytime Your Honor would be ready to receive us

8    to argue these motions, anytime thereafter.  I think that's a

9    fairly aggressive and efficient way of moving this case along,

10   and we would urge the Court to give that consideration.

11          If at the end of the day, when the Court has ruled --

12   has considered and ruled on these motions, if the Court were,

13   for whatever reason, to decide that the case should neither be

14   dismissed nor disposed of by way of Summary Judgment in favor of

15   Plaintiffs, we believe this motion practice will help greatly in

16   terms of narrowing the issues and focussing us all on what

17   discovery there might be that would be in order with regard to

18   anything that remains before the Court after that.

19          It is our hope that all of this would be resolved as a

20   matter of law.  I would note in connection with that that we've

21   added a provision that I think both parties are in agreement

22   with that we would ask that the requirements for initial

23   disclosure under Rule 26 and other reporting requirements under

24   Rule 16 and the corresponding local rules, that we be excused

25   from complying with those for the time being pending further

1    order of the Court, precisely because we do basically subscribe

2    to Your Honor's view that this case sounds essentially at law.

3            And so we think the best resolution of this case would

4    be along the lines of what we have proposed and what we had

5    understood that the Department of Justice favored as well.

6            And I guess in fairness, if Your Honor -- do you have

7    any questions of me?

8            **THE COURT:**  Well, let me just ask in the alternative,

9    because our circuit has sometimes indicated that it's not

10   necessary to go through the formalities of Summary Judgment

11   motions if, in fact, it's a purely legal matter that can be

12   resolved on briefing.

13           In lieu of handling it by Rule 56, can we just set up

14   a briefing schedule, because that's really what it seems to be

15   coming down to, in the nature of the way you do it in an

16   appellate setting?

17           **MR. WINSHIP:**  Well, we could -- we could be --

18   certainly try to be a little more creative in how we're doing

19   this.

20           We did -- in terms of doing these motions together, we

21   and the Department of Justice attorneys did consider how best to

22   proceed for this, and we did think it would be orderly to do it

23   in this particular fashion that we have set forth here.  I do

24   think there will be a lot of economy of scale.

25           If you'll note, the September 7th date would have us

1  filing a Memorandum in Opposition to the Motion to Dismiss along

2  with a Motion for Summary Judgment.  I think the Summary

3  Judgment route for us, in terms of asking for affirmative relief

4  from the Court as compared to avoiding relief that the

5  Defendants seek which is dismissal, has some benefits because it

6  will allow us to focus on a claim-by-claim basis with regard to

7  what the elements are and what the showing would have to be.

8  And in order to get everything, I think, fully briefed and

9  argued in accordance with each of the claims in a separate

10  sense, I think the structure has some genuine merit to it, Your

11  Honor.

12         **THE COURT:**  Very well.

13         Mr. Gershengorn?

14         **MR. GERSHENGORN:**  Thank you, Your Honor.  I guess I

15  would say that we share a lot of the goals of Florida and the

16  Plaintiffs here.

17         **THE COURT:**  Let me remind everyone, I think we're all

18  either directly or indirectly working for the taxpayers,

19  including myself, so we have that at heart.

20         **MR. GERSHENGORN:**  And we recognize that, Your Honor,

21  and therefore, I do think judicial economy, which my colleague

22  mentioned, is definitely a central theme, and narrowing the

23  issues is also what we're interested in.

24         We do think, however, that a Motion to Dismiss,

25  largely for the reasons Your Honor mentioned that these are

1   likely to be legal issues, we do think there is a strong basis

2   for a Motion to Dismiss.  And we would -- we think that it

3   serves the purpose of narrowing the issues, which, again, the

4   Plaintiffs have suggested and Your Honor has recognized as well,

5   and also comports with the notion of dealing with the

6   jurisdictional issues, and we think there are some here that,

7   for at least a number of the claims, and perhaps all, that we

8   would want the Court to resolve.

9         And it seems to us that proceeding first through a

10  Motion to Dismiss briefing and holding off on the Summary

11  Judgment, either holding briefing in abeyance or otherwise, is

12  the right way to proceed, that that allows this Court to narrow

13  the issues, rule on the jurisdictional question, and then set a

14  sensible course going forward.

15        **THE COURT:**  Well, let me -- and I don't mean to put

16  you on the spot.  I know the Federal Government normally has 60

17  days in which to file its responsive pleading, but in this case

18  it seems like that time could be reduced somewhat.  Is it

19  possible to move the proposed schedule so that your Motion to

20  Dismiss would be, say, 30 days earlier?

21        **MR. GERSHENGORN:**  Your Honor, certainly from the May

22  14th date I will say that we do have some flexibility.  I will

23  just note for the Court that we have some personal scheduling

24  issues that we'd like to try to work around, in particular a

25  wedding for one of the -- a daughter of one of the lead counsel.

1    Perhaps, Your Honor, is there a way two weeks -- we had

2    proposed, I think, July 16th or July 1st.

3              **THE COURT:**  Well, just looking at these dates, I would

4    like to see us move everything about one month up.  I think that

5    would seem to me to be certainly within the rule of possibility.

6              **MR. GERSHENGORN:**  So you would have -- Your Honor, I'm

7    sorry.  June 16th would be a Motion to Dismiss.

8              **THE COURT:**  August would be the response time, and

9    then they would then use that time for the Motion for Summary

10   Judgment to which you would respond.

11             **MR. GERSHENGORN:**  And I'm sorry, Your Honor, would you

12   be working off the -- with a Motion to Dismiss briefing first,

13   the complete briefing on the Motion to Dismiss --

14             **THE COURT:**  Well, we'll get into that.  I'm just

15   talking about the timing right now.  I would like to see us move

16   about a month faster than the proposed schedule, is really what

17   I'm suggesting to you.

18             **MR. GERSHENGORN:**  And Your Honor, the only hesitancy I

19   have --

20             **THE COURT:**  And it may be appropriate to deal with the

21   Motion to Dismiss completely independent of any subsequent

22   filing.  But I think if we go by Rule 56, that motion can be

23   filed at any time, so it can be filed while, you know, while the

24   Motion to Dismiss is still pending.  But I can promise you it

25   will be ruled on rather quickly, as soon as I can deal with it.

1      **MR. GERSHENGORN:**  Right.  I guess, Your Honor, a

2    couple of things.  The only hesitancy I have -- we certainly

3    could move it up, as Your Honor suggests.  The only hesitancy I

4    have is we haven't seen the amended complaint, so it's a little

5    tricky.

6          On the Summary Judgment Motion, I would say that it

7    does seem to us that holding the briefing on -- it certainly

8    could be filed at any time, but holding the briefing in abeyance

9    pending resolution of the Motion to Dismiss is the way that we

10    think makes the most sense for Your Honor, but we certainly

11    could move -- we are prepared, you know, to move more

12    expeditiously than is scheduled here, as Your Honor --

13      **THE COURT:**  Well, let me do it this way:  I will give

14    you -- what have you -- you've used a 40-day response time or 30

15    -- 40 days to respond?

16      **MR. GERSHENGORN:**  Oh, yes, okay.

17      **THE COURT:**  I'll give you 40 days to respond to the

18    Motion for Summary Judgment.  After a ruling is made on the

19    Motion to Dismiss, if it's necessary for you to respond, then

20    you'll have 40 days in which to do that.

21      **MR. GERSHENGORN:**  Okay.

22      **THE COURT:**  If I grant your motion, that will be the

23    end of it.  If I deny the motion, then you'll have 40 days from

24    the time it's denied.

25      **MR. GERSHENGORN:**  Okay.  And just so I'm clear, Your

1    Honor, so we would have a Motion to Dismiss and the briefing on

2    that.  Whatever the Summary Judgment Motion is, it would be 40

3    days from the time you rule on the Motion to Dismiss?

4         **THE COURT:**  Let me see how that jibes with the other

5    time sequence we have, because -- well, there's no reply brief

6    time, I don't think, set out in your schedule.

7         **MR. GERSHENGORN:**  Well, I think actually there would

8    be, Your Honor.  I understand the local rules don't generally

9    contemplate reply.  I think both sides would request -- I speak

10   for the Plaintiffs, but I certainly request here that it be

11   unilateral.  I do think that the schedule does provide for the

12   motion for a reply, so we would request that.

13        **THE COURT:**  Mr. Winship, do you have a reply time

14   cranked into the schedule?

15        **MR. WINSHIP:**  I do, sir.  On the October 14th date,

16   you'd note, Your Honor, that there would be Defendants' reply in

17   support of the Motion to Dismiss.  And then on November 14th,

18   there would be Plaintiffs' reply in support of the Motion for

19   Summary Judgment.  We understand, of course, Your Honor, that --

20        **THE COURT:**  You have another 30 days.  I will have to

21   say that should be reduced for your reply time to about 14 days.

22   Can you do that?

23        **MR. WINSHIP:**  Certainly, Your Honor.

24        **THE COURT:**  That will expedite things.  Because that

25   actually will -- well, let me see.  Wait just a minute.

1    Everything is moved up a month anyway, but we're looking at --

2    instead of September, it would be August.

3         **MR. GERSHENGORN:**  So something like June 16th, August

4    7th, and then August -- Your Honor was suggesting the 21st or --

5         **THE COURT:**  August 21st would be the reply.  That

6    would --

7         **MR. GERSHENGORN:**  Can we get three weeks for that,

8    Your Honor?  Split the difference, so make it the 20th?

9         **THE COURT:**  I contemplate, now, there will be a Motion

10   for Summary Judgment from the Plaintiffs.  Are the Defendants

11   moving for Summary Judgment?

12        **MR. GERSHENGORN:**  No, no, I'm sorry.  The Defendants

13   -- I'm sorry.  Your Honor, are you talking about the briefing

14   schedule for the Motion to Dismiss?  So it would be June --

15        **THE COURT:**  The Motion to Dismiss would be June 16th.

16   The response would be due August 7th.

17        **MR. GERSHENGORN:**  Right, and then the reply.

18        **THE COURT:**  And then they would also be able to file

19   their Motion for Summary Judgment at that same time, August 7th,

20   to which you would not have to respond until we deal with the

21   Motion to Dismiss, which will be going on simultaneously.

22        **MR. GERSHENGORN:**  Right.  And then the only question

23   then is the reply --

24        **THE COURT:**  Their reply would be --

25        **MR. GERSHENGORN:**  And that's when I was asking Your

1    Honor whether you would consider three weeks there, so it would

2    be August 28th would be the reply brief on the Motion to

3    Dismiss.

4            THE COURT:  Your reply would be -- instead of 14,

5    you're asking for 21?

6            MR. GERSHENGORN:  21, yes, sir.

7            THE COURT:  Well, if I gave you 21, they're going to

8    have to have 21 days, too.

9            MR. GERSHENGORN:  We have no objection.

10           THE COURT:  Can we do that?  I mean, I'm happy.  21

11   days.

12           MR. GERSHENGORN:  So it'll be Motion to Dismiss, June

13   16th, August 7th, August 28th.

14           THE COURT:  August 28th.  Now let me see what the

15   calendar looks like.  I suspect we may be getting over into the

16   weekend here.

17           THE CLERK:  The 28th is a Saturday, Judge.

18           THE COURT:  That's a Saturday, so we can't do that.

19           THE CLERK:  The 27th is a Friday.

20           THE COURT:  27th, can we make it that way?

21           MR. GERSHENGORN:  Sure.

22           THE COURT:  And that means August 7th is also a

23   Saturday.

24           THE CLERK:  Correct.

25           THE COURT:  So that would have to be August 6th.

1          **MR. GERSHENGORN:**  Okay.  And Your Honor, I presume

2    that this is all premised off of that May 14th amended complaint

3    filed?

4          **THE COURT:**  Right, that's where it starts.

5          **MR. GERSHENGORN:**  From the Defendants' perspective,

6    Your Honor, we are comfortable in saying that we can work with

7    that schedule.

8          **MR. WINSHIP:**  Your Honor, if I may just interject on

9    that?

10         **THE COURT:**  Okay.

11         **MR. WINSHIP:**  I'm a little bit confused at this point

12   that we would be having our Motion for Summary Judgment filed

13   and served on them and then just basically held in abeyance

14   pending all the briefings --

15         **THE COURT:**  It would be held in abeyance.  And we can

16   move that Summary Judgment date back some because obviously

17   we're not going to be able to decide the Motion to Dismiss until

18   you've had an opportunity to respond and the Defendants have

19   responded.  So we could actually move that to anytime you want

20   up until -- well, I'll leave it up to you.

21         **MR. WINSHIP:**  Well, all right, Your Honor.  I just

22   wanted to mention one more time that -- I understand the

23   sequence you have.  I do believe that we would have a faster

24   resolution of all of this if we did have this stuff interlocking

25   even if we ended up with a hearing that resolved the Motion to

1    Dismiss beforehand.  It was our goal -- because we do believe

2    there is going to be significant overlap of the arguments and

3    the issues as between what we're asking for as a matter of law

4    for relief and what they're asking for as a matter of law for

5    relief.

6              **THE COURT:**  Well, you have a much better grasp of what

7    the overlap might be.  I've given it some thought, and as I

8    understand it, there's really no challenge to any of the action

9    in Congress.  In other words, the way this Act was adopted or

10   anything about that is not being challenged in the least.

11             So the question of justiciability is probably, at

12   least with respect to that, is not going to be coming up.  But

13   there may be some overlaps in other areas which at this point in

14   time I can't anticipate, but maybe the two of you can enlighten

15   me.

16             Are there some other areas that --

17             **MR. GERSHENGORN:**  Yeah, I do think, Your Honor, that

18   there are -- that there's good reason to keep it separate, as

19   Your Honor has proposed.

20             I think there are going to be some serious

21   jurisdictional and standing issues that are really better

22   resolved in a Motion to Dismiss setting or at least presented to

23   the Court in a Motion to Dismiss setting, and that once those

24   issues are resolved, I actually think, although we share the

25   desire for expedition, that it's actually more expeditious to do

1    it that way, have a ruling from Your Honor on the Motion to

2    Dismiss so that the parties know exactly what is still on the

3    table.  So I guess we do think that what you broached along the

4    line, Your Honor, is the way to go.

5            **MR. WINSHIP:**  Well, Your Honor, if I may say, when we

6    asked -- when we were asked by counsel for the United States how

7    long they thought we would need to respond --

8            **THE COURT:**  Let me ask you all just to use that

9    microphone so our telephone participants can hear better.

10           **MR. WINSHIP:**  Sure, Your Honor.  Thank you.  When we

11   were asked --

12           **TELEPHONE OPERATOR:**  Joseph Kanefield has just joined

13   conference.

14           **MR. GERSHENGORN:**  Shall we start again, Your Honor?

15           **THE COURT:**  All right.  Mr. Winship, go ahead.

16           **MR. WINSHIP:**  Thank you, sir.

17           When we were asked by counsel for Defendants last week

18   how long we thought we would need to respond to their Motion to

19   Dismiss, we asked them, well, that would depend on the nature of

20   the motion.  And the response that we got from them was that the

21   motion was not really going to be limited just to jurisdictional

22   issues.

23           They are, as we understand it from what they've said,

24   going to be pitching a very broad-based Motion to Dismiss, not

25   just on issues of justiciability or ripeness or standing or just

1   preliminary sorts of things, but also on the basis of whether

2   our causes of actions state legal claims for which relief can be

3   granted.

4           And that is really what led us to be talking about

5   this kind of an interlocking schedule to begin with, which, as I

6   pointed out to Your Honor, actually the Department of Justice

7   sent back to us with the idea in mind that we all thought -- and

8   I certainly thought we were in concurrence -- that there is -- I

9   mean, I understand tactically why they want to have their bite

10   of the apple first, and I think that's going to slow this entire

11   procedure down a lot to have all of that resolved -- briefed and

12   resolved, and then we turn our attention to summary judgment,

13   when, in fact, they are going to be broadly addressing reasons

14   why our causes of action do not lie at law and they are really,

15   in effect, the obverses of the positions that we're going to be

16   taking in our own moving papers, that they certainly do and

17   that, as a matter of law, we're entitled to relief.

18           That is the essence that gave rise to this concept of

19   interlocking motions.  I mean, we often see, of course, in

20   constitutional challenges cross-motions for Summary Judgment.

21   This is a little unusual because they wanted to file a Motion to

22   Dismiss and raise other types of issues as well.

23           And we appreciate that, but as I said at the very

24   beginning, we are mindful of the need to move this case forward,

25   and we are trying to do precisely that.  We're trying to move

1    this forward as aggressively as possible.  We had frankly

2    envisioned that by the end of this briefing process and moving

3    the end of this up so that instead of ending it November 14th,

4    it would end around maybe October 14th -- we can understand the

5    Court's reasons for doing that, and we are in a position to

6    agree with that.  We certainly will comply with that, and we

7    think it's in the best interest of moving the case along to do

8    that.

9            After that, the question of whether the Motion to

10   Dismiss should -- when the Court has had the benefit of all of

11   the briefing, whether the Motion to Dismiss should be heard in a

12   separate hearing or should be collapsed into the same hearing

13   with maybe jurisdictional arguments addressed first is

14   something, obviously, that is entirely within Your Honor's

15   discretion.

16           We would urge Your Honor to consider having a single

17   hearing that would address the Motion to Dismiss and the Motion

18   for Summary Judgment because we believe Your Honor will see that

19   there is a tremendous economy of scale to be achieved here and a

20   great deal of judicial efficiency in moving this case forward.

21   That is why this interlocking briefing schedule came to be in

22   the first place and why it came to emanate from the Department

23   of Justice.

24           They do, as we understand it, anticipate doing a very

25   broad-based Motion to Dismiss that will go very much into the

1   very questions that we will be broaching for the Court in our

2   Summary Judgment Motion.

3           **THE COURT:**  I think Mr. Rivkin stood up to say

4   something.  I want to give him the chance.

5           **MR. RIVKIN:**  Your Honor, thank you very much.

6           **THE COURT:**  Let me ask you to use microphone, too,

7   please.

8           **MR. RIVKIN:**  Thank you very much.  Actually, Mr.

9   Winship made the same points, but all I was going to reiterate

10  is that we believe there are advantages to Your Honor in the

11  full briefing schedule completed on both Defendants' Motion to

12  Dismiss and our Motion for Summary Judgment, opportunity for you

13  to get the full flavor of all the arguments.

14          How you choose to rule on them, whether it is in a

15  single hearing, that we are suggesting, or staggered, is

16  something that is entirely in your discretion.  But again, the

17  benefits of laying out the full sets of briefs for you rather

18  than deferring the briefing on our motions is, I think, very

19  palpable, given all the imperatives that Your Honor has laid

20  out.  Thank you.

21          **THE COURT:**  Well, I anticipated in -- you know,

22  because I thought about what we could discuss today, I

23  anticipated that the Government is going to want to go through

24  with the regular Motion to Dismiss.

25          And I think -- my leaning is that we ought to take it

1    one bite at a time, even though, as I've already indicated to

2    you, I think we can go ahead and start the Summary Judgment

3    process, particularly if there's not going to be cross-motions

4    for Summary Judgment, and that's where I understand we are.

5              The Motion for Summary Judgment is going to be yours,

6    right?

7              **MR. WINSHIP:**  Yes, Your Honor.

8              **MR. GERSHENGORN:**  Well, again, it would depend, Your

9    Honor, on where we stood after our Motion to Dismiss.  It's

10   unclear at this point whether there will be, you know,

11   cross-motions of which their opposition may --

12             **THE COURT:**  Well, there are all sorts of

13   possibilities.

14             **MR. GERSHENGORN:**  Well, yeah.

15             **THE COURT:**  I mean, the Motion to Dismiss could be

16   successful with some claims and not others.

17             **MR. GERSHENGORN:**  Sure, right.

18             **THE COURT:**  It could be totally successful or totally

19   unsuccessful or any variation, I suppose.

20             **MR. GERSHENGORN:**  Certainly.

21             **THE COURT:**  So there are some reasons, I guess, to

22   deal with that.  But again, I don't have a good, full grasp of

23   how these issues are going to mesh, and you're telling me

24   there's a lot of overlap.

25             **MR. RIVKIN:**  If I may, Your Honor, that's why -- I

1  guess the real issue -- and we are entirely agreeable with

2  judicial expedition as to the schedule that has been suggested.

3        All we're really debating here, if we're debating

4  anything, is whether or not the briefing on the Motion for

5  Summary Judgment would be delayed after we file the motion or

6  would it proceed at the same time as the briefing on the Motion

7  to Dismiss unfolds.

8        And again, it seems to us that completing both

9  briefing processes puts you in the best position at that point

10 in time in exercising your discretion how you wish to tackle

11 these motions.  I see no particular benefit in delaying the

12 briefing, especially since the Government, undoubtedly, is going

13 to have sufficient resources to -- in fact, in a lot of cases,

14 the Department of Justice -- I know how many able attorneys they

15 would be able to put on this.  You can have one team working on

16 the Motion to Dismiss briefing and one team working on the

17 Motion for Summary Judgment.

18        **THE COURT:**  Well, one thing I'm looking forward to is

19 the quality of what I'm going to receive, so that's good.

20        **MR. RIVKIN:**  Thank you, Your Honor.

21        **THE COURT:**  Well, let's see what --

22        **MR. GERSHENGORN:**  Well, I actually want to say a

23 couple of things, Your Honor.  Again, not to seem prejudice, but

24 I think that Your Honor's one bite at a time is exactly the way

25 to proceed in this case.

1    I do want to make clear and candor to the Court, we

2  think there are substantial 12(b)(1) issues, but we do intend

3  most likely to file the 12(b)(1) and the 12(b)(6) as

4  appropriate.

5    But there is -- you know, although counsel for the

6  Plaintiffs suggest that Your Honor is better with a sort of mass

7  of undifferentiated briefs, I think there is a good reason that

8  the Federal Rules provide for the Motion to Dismiss first, and

9  it's precisely to narrow the issues before the Court for the

10  benefit of judicial economy both for the Court and for the

11  parties so we know exactly what remains live.

12    And I guess just to -- in the interest of keeping it

13  brief, I'll just say I think that the schedule that's been set

14  up -- we have the Motion to Dismiss, we narrow the issues, the

15  Summary Judgment Motion is on file.  As soon as Your Honor

16  rules, we've got 40 days and we will meet that.  We certainly

17  have both the resources and the talent to meet Your Honor's

18  schedule, and so we would be happy to do that.

19    **THE COURT:**  Well, I haven't asked you, I asked Mr.

20  Winship, about the alternative of just going directly to a

21  briefing of the issues instead of really going through the

22  formal Summary Judgment Motion under Rule 56.

23    I don't think it really has any substantive

24  difference.  It's just that sometimes there's some steps that

25  have to be taken that, when you blow away all the chaff, the

1  real substance of it is the same.

2      **MR. GERSHENGORN:**  Your Honor, I guess I can say a

3  couple of things.  First of all, I mean, I do think that this is

4  one where we do want to dot the Is and cross the Ts on this

5  case, and I do think that an approach that sticks to the Motion

6  to Dismiss in the normal course is actually the better way to

7  proceed for all concerned.  I think it sets the right tone and

8  narrows the issues.

9      **THE COURT:**  Well, that's fine.  I mean, I'm just --

10  I'm just tossing it out as an alternative.

11      **MR. GERSHENGORN:**  That would be our recommendation,

12  Your Honor, so the approach that you have outlined so far has

13  worked and we think is the one better suited for this case.

14  Thank you, sir.

15      **THE COURT:**  Let me find where I think we are on our

16  dates and see what that leaves us.

17      I think we're agreed that the Plaintiffs may have up

18  until and through May 14th to amend the complaint.  The

19  Defendants will have up until and through June 16th -- let me

20  see if that date is right.  That's a Wednesday, so that should

21  not be a problem -- to file their -- actually, it says Motion to

22  Dismiss, but I suppose that's the answer to the amended

23  complaint as well.

24      **MR. GERSHENGORN:**  That's correct, Your Honor.

25      **THE COURT:**  You would have until June 16th to respond,

1    including the Motion to Dismiss.  And the motion would be

2    accompanied by the appropriate briefing.  And we'll get to some

3    page numbers and things about that in a bit.

4         The Plaintiffs' opposition brief to the Motion to

5    Dismiss would give you to August 6th.  And they may file a

6    Motion for Summary Judgment at that time or anytime subsequent

7    to that, and we'll deal with it in the manner that I've

8    indicated, and that is that the Defendants will not have to

9    respond to that until I have ruled on the Motion to Dismiss.

10        And we will take the Motion to Dismiss separately.  I

11   understand the rationale that the Plaintiffs are proposing here,

12   but it seems to me that it's just a much cleaner way to deal

13   with it is to get any issues that may be subject to a Motion to

14   Dismiss fully aired and resolved one way or the other before we

15   get into the Summary Judgment.

16        As soon as there is a -- well, wait just a minute.

17   Before we do that, August 6th, and then there will be a response

18   to the reply to the Plaintiffs' opposition to the Motion to

19   Dismiss, which would be due August 27th, I think we said.

20        **MR. GERSHENGORN:**  Yes, Your Honor.

21        **THE COURT:**  Now, I think we need to schedule an

22   argument date on the Motion to Dismiss soon after that, and I'm

23   agreeable to most any date, probably.  And we're really looking

24   at the latter half of the month of August, it looks like to me.

25   Is that --

1       **MR. GERSHENGORN:**  The reply brief comes in August

2   27th, Your Honor.

3       **THE COURT:**  That's right, so it would be, really,

4   early September.

5       **MR. GERSHENGORN:**  Your Honor, the only thing I'd ask

6   -- I don't have the calendar in front of me.  I know that there

7   are some -- it's not -- there are some Jewish holidays that come

8   up in the middle of September.  I would sure like to predate

9   those, if we could, and work around those.

10      **THE COURT:**  Let's see, I think I've got those on this

11  calendar.

12      **MR. GERSHENGORN:**  I apologize, Your Honor, for not

13  having the calendar with me.

14      **THE COURT:**  Rosh Hashanah begins September 8th and

15  runs, well, through the remainder of that week, and Yom Kippur

16  begins September 17th.

17      **MR. GERSHENGORN:**  Maybe the 15th?

18      **THE COURT:**  I'm looking at the week of September 13th.

19  What does that look like?

20      **MR. WINSHIP:**  That's fine for us, Your Honor.

21      **MR. GERSHENGORN:**  Sometime around the 15th, Your

22  Honor, if that's consistent with your schedule?  Yom Kippur is

23  on which date?

24      **THE COURT:**  I'm looking at the week of September 13th.

25  Anytime during that week will be fine.  We can put it Tuesday or

1   Wednesday.  What's a good day?

2           **MR. WINSHIP:**  Either is fine with us, Your Honor.

3           **THE COURT:**  Either one?

4           **MR. GERSHENGORN:**  Perhaps the Tuesday -- Your Honor, I

5   apologize.  One more time, Yom Kippur is on which date?

6           **THE COURT:**  Yom Kippur begins Friday the 17th, which

7   would be Friday of that week.

8           **MR. GERSHENGORN:**  So either Tuesday or Wednesday is

9   fine.

10          **THE COURT:**  Either of those?  Let's do it for Tuesday

11  then.  Tuesday, September 14th at nine o'clock.  That's on the

12  Motion to Dismiss.

13          As soon as I have ruled on that, then the Defendants

14  will have -- what did I give you, 40 days?

15          **MR. GERSHENGORN:**  40 days.

16          **THE COURT:**  40 days.  40 days and 40 nights.  Well,

17  we'll give you the biblical period then, 40 days from whenever

18  that comes for your response.  And then there will be a reply,

19  and then I think I've given you 21 days after to reply.

20          **MR. WINSHIP:**  That will be fine, Your Honor.  Thank

21  you.

22          **THE COURT:**  And then we'll set an argument after that.

23  We'll set an argument once we get into that scheduling, once we

24  see where we are, but that will be set so that it's convenient

25  for everybody.  All right.  Have you got all of these dates?

1   Okay.

2          Now, can we talk about the size of the briefing and

3   how that will be -- actually the mechanics of how that will be

4   done?  Mr. Gershengorn, if you want to start.

5          **MR. GERSHENGORN:**  I guess one question, Your Honor,

6   would be whether it would be more efficient for the Court to --

7   we haven't talked about page lengths, I mean, to propose a

8   length for the Court.

9          **THE COURT:**  Well, obviously, I don't want a 100-page

10  brief.  Thirty pages may not be adequate.

11         **MR. GERSHENGORN:**  That's what we were thinking, Your

12  Honor, somewhere more on the order of 45 or 50 pages.

13         **THE COURT:**  I don't know what your preference is, but

14  I'm agreeable to anything up to 50 pages, if you want to do

15  that.

16         **MR. GERSHENGORN:**  I think that would be fine, Your

17  Honor, from our perspective.

18         **MR. WINSHIP:**  I think that would be fine.  Let me ask

19  you one question, Your Honor, and I know that it would differ

20  from one federal judge to another.

21         In terms of Summary Judgment Motions, if we have

22  multiple counts and we have multiple motions, we have a Summary

23  Judgment with regard to this count and a Summary Judgment with

24  regard to that count, would Your Honor be agreeable to us filing

25  separate Summary Judgment Motions directed at different counts

1  or do you want --

2        **THE COURT:**  I'm a great advocate of putting all the

3  motions together.  I don't like breaking up Summary Judgments

4  because -- particularly timewise, but I like to have it all

5  together so you can try to grasp the whole thing.

6        Now, I don't know what that does to your page count,

7  though, because some of these issues I know are quite complex,

8  but I still think 50 pages ought to be enough to do it for you.

9       **MR. WINSHIP:**  That sounds reasonable at this stage,

10  Your Honor.  Let me just say that if it turned out that we

11  thought that there was a need to have more than that, we would

12  confer with other counsel first.

13        **THE COURT:**  There are three counts in this complaint.

14  I don't know if you're going to change that around in the

15  amended complaint or not, but that ought to be enough to deal

16  with that.  It seems to me it should be.

17        Is that reasonable?  If it's not, I'm open to

18  suggestions.

19        **MR. GERSHENGORN:**  I think it's reasonable.  But as

20  counsel said, if it turns out that --

21        **THE COURT:**  Now, we're talking the principal brief.

22  Now, the reply brief ought to be certainly no more than half

23  that.

24        **MR. GERSHENGORN:**  That's fair, Judge.  But I would

25  also say, Your Honor, that if counsel finds that it --

1    (Inaudible) --

2              **COURT REPORTER:**  Judge, I can't hear.

3              **MR. GERSHENGORN:**  I'm sure we could work out -- I'm

4    sorry, Your Honor.

5              **THE COURT:**  Yeah, I need you to use the mic.

6              **MR. GERSHENGORN:**  Counsel had suggested that 50 pages

7    -- opposing counsel suggested that 50 pages would likely be

8    enough but they might be pressed at the end, and we certainly

9    would be amenable to working something out, if Your Honor is

10   amenable if they need more.  And we think as a general structure

11   50/50/25 is certainly a good baseline.

12             **MR. WINSHIP:**  And we would agree with that, Your

13   Honor.

14             **THE COURT:**  All right.  Let's do that.  And I don't

15   think we're going to need any separate statements of facts in

16   this case because both of you have indicated that the facts are

17   really not contested, not an issue and really not all that

18   material, it seems like.

19             **MR. WINSHIP:**  If we -- Your Honor, if we do -- on our

20   Motion for Summary Judgment, if we do need to do that, I will

21   represent that we will be endeavoring only to delve into facts

22   that are supportable of Summary Judgment, and that is to say,

23   facts that we believe would be beyond reasonable dispute and yet

24   nevertheless may not appear in the four corners of the pleading.

25             **THE COURT:**  Well, you know, if you say a state has X

1  number of Medicaid patients, I don't think it really makes a

2  difference if it's X minus 1 or X minus 100.

3       **MR. WINSHIP:**  We agree with you, Your Honor.  We're

4  just saying that, technically speaking, in terms of complying

5  with the requirement of Rule 56.  And as I said, if we're

6  getting into something that is outside the actual pleading

7  itself, since this is something that is asking for affirmative

8  relief as compared to asking for dismissal, which does target

9  the pleading, I think it would behoove us to perhaps be

10 satisfying the requirements of Rule 56.  But I'm not purporting

11 to indicate to Your Honor that we think that we would

12 necessarily have a great amount of statement of material facts

13 at this point that we would be putting in.  But whatever we

14 would be doing in that regard would be with an eye towards

15 satisfying the Court that Summary Judgment is, in fact,

16 appropriate.

17      **THE COURT:**  Okay.  Let me ask about one question that

18 has arisen.  We've had numerous Motions to Intervene or

19 requests, none of them -- I don't think they've really got to be

20 formal, but requests for leave to file an amicus filing of some

21 nature.

22      I've already ruled on at least one of the motions to

23 intervene, but I would like your suggestions on how to deal with

24 these.  I don't think they should be a part of the official

25 court record if anybody wants to file anything that's in the

1    nature of an amicus filing, but I want to keep those so that

2    they can be referenced by anyone who needs to, including you.

3    So do either of you have any suggestions on how you would like

4    to have those treated?

5            And I'm anticipating that at this point no one is

6    going to really make a case for permissive intervention, but

7    there may be some.  But assuming that there are none, we have

8    enough plaintiffs, I think, without bringing in a lot of

9    intervenors.  But I'm open to whatever you may want to feel is

10   an appropriate way to deal with this.

11           Mr. Winship?

12           **MR. WINSHIP:**  Yes, Your Honor.  Well, I guess our view

13   of it is that we agree with Your Honor.  From what you've

14   communicated in your order of last week, we believe that these

15   issues are being properly presented and represented by the

16   counsel that are already in this case for the named plaintiffs

17   and for the defendants.

18           We certainly understand how many people in this nation

19   are very galvanized about this action that has been filed as

20   they are about the Act of Congress that has become law.  It's

21   not at all our desire to squelch in any way the desire of the

22   people to be heard.  We do have mechanisms for formal

23   petitioning of the Court in order to file amicus briefs and

24   such.

25           Our only concern, it's really more in a sense of that

1    we don't want the expeditious resolution of this litigation to

2    be bogged down with a lot of extraneous voices that the Court

3    might believe are not really helpful to the Court in terms of

4    doing the best thing under the rule of law on behalf of the

5    people of this country in this litigation.

6              And I think the formal mechanisms with regard to the

7    standards for intervention and for being heard as amicus curiae

8    are in place probably for a pretty good reason.  And I think

9    beyond that, it's hard for us to say, other than to look at a

10   case-by-case basis, with regard to who it is who wants to be

11   heard in this action and why and in what form.

12             I mean, do they want to be filing motions?  Do they

13   want to be heard and depriving us perhaps of time before Your

14   Honor to present our own arguments?  These are considerations I

15   think we would have to address as and when they are presented,

16   sir.

17             **MR. GERSHENGORN:**  Your Honor, I largely agree that we

18   need to address when we're presented.  I do think that --

19             **THE COURT:**  And let me say that these are not just --

20   these are on both sides of this issue.

21             **MR. GERSHENGORN:**  Right, yes, Your Honor.

22             **THE COURT:**  People have strong feelings.

23             **MR. GERSHENGORN:**  I guess the one thing I would

24   distinguish between intervenors and amici, I do think that there

25   are going to be a number of amici who are, I suspect, on both

1   sides who are going to want to file.  We're supposed to be on

2   the electronic record.  I don't know what Your Honor's practice

3   is, but I do think that we may get -- we may get a host of

4   people.

5        **THE COURT:**  Well, there's a formal way to do that, and

6   I would anticipate that those who are serious about wanting to

7   do that will follow that procedure.

8        **MR. GERSHENGORN:**  Correct.  That's all I would

9   suggest.

10        **MR. WINSHIP:**  Your Honor, if I may ask one other

11   related question with respect to that.  We notice, as Your Honor

12   does and as counsel for the Department of Justice does, that we

13   are getting a number of filings that are coming in.  Some of

14   them are not complying with the rules, and the Court has been

15   dealing with them accordingly.  But in the days and weeks to

16   come, we can't predict how many more of these we're going to be

17   seeing.  I think we just have had one or two within the last few

18   business days, even postdating Your Honor's order of April 8th.

19        And in that respect, we would ask if we would be

20   excused from having to actually direct our attention away from

21   presenting the issues we need to get before the Court, be

22   excused from having to respond to these various motions, unless

23   we, for whatever reason, choose to do so.

24        **THE COURT:**  I don't expect you to respond to any of

25   those.  If you want to respond, you certainly may, but I --

```
 1    you're not obligated to respond to any of those.
 2         MR. GERSHENGORN:  So we can assume that unless the
 3    Court -- if the Court is interested in a particular response or
 4    particular filing, you'll let us know?
 5         THE COURT:  That's right.  Unless you feel it's
 6    something that you want to respond to for whatever reason, you
 7    don't have to.
 8         MR. WINSHIP:  Thank you, Your Honor.
 9         MR. GERSHENGORN:  Thank you, Your Honor.
10         THE COURT:  I'll take care of that.
11         Let me just make sure -- there's some required items
12    that we're supposed to put into a scheduling order under the
13    rules, and let me make sure that I've got all of those
14    addressed.
15         The time to amend the pleadings we've addressed, but
16    we haven't discussed joining or adding parties.  I presume that
17    same time would apply, and that would mean anybody who wants to
18    join in officially would have to have done so by May 14th.
19         MR. WINSHIP:  That is our expectation.  That, by the
20    way, Your Honor, is a time that's keyed into, roughly speaking,
21    the amount of time that we would have in order to move to amend
22    as a matter of course.
23         THE COURT:  Yes.
24         MR. WINSHIP:  If we needed after that or wanted after
25    that to be able to add some other parties, we would ask for
```

1    leave of the Court to do so, of course.

2          **THE COURT:**  You've also asked, and I certainly agree,

3    that the disclosures under Rule 26 can be waived.  You don't

4    have to comply with those mandatory disclosures, but I think we

5    need to at least put a discovery deadline in case there is some

6    discovery that you see that you may want to do at some point.

7    And I would propose that we use the Motion to Dismiss date as

8    the discovery date.  Is that adequate?  That would be June 16th,

9    or do you want to just put another date?

10          I don't have any feelings one way or the other.  I

11   mean, we can make this date as long as you want, but I would

12   like to make sure that it's sufficiently in advance of the

13   Summary Judgment time so that we have a record that's pretty

14   well fixed.

15         **MR. GERSHENGORN:**  I guess one question would be, does

16   it make sense to see where we are after the Motions to Dismiss?

17   Does it make sense -- I mean, I don't think either side is

18   anticipating discovery, although I don't think either side has

19   foreclosed it.  I guess the question is, does it make sense to

20   see where we are after the Motion to Dismiss and have a brief

21   time for discovery after that?

22         **THE COURT:**  We can do that.  I will simply say that

23   the discovery must be completed by September 14th.  That's the

24   oral argument.  If we need more time, just ask for it, and we'll

25   deal with it, but I don't contemplate that you will.  So let's

1    just put that date in, and we can move it if necessary.

2            Is that all right?

3            **MR. WINSHIP:**  That would be acceptable if Your Honor

4    feels we have to have a date in.  I just wanted to note that the

5    nature of our Summary Judgment is such that we actually expected

6    it -- as I said earlier, when the dust settles and Your Honor

7    has ruled that you're not granting their motion and you're not

8    granting our motion, it would give us an opportunity at that

9    time to be framing where we need to go with regard to discovery.

10           So if Your Honor is uncomfortable with what is really

11   paragraph No. 2 of what I presented to Your Honor, then if you

12   feel we need to put a date in but with the understanding that

13   that would be revisited, then that would be fine.  But we still

14   would prefer to just basically all understand that this is not

15   your typical sort of Motion to Dismiss and then discovery and

16   then at the close of discovery a Motion for Summary Judgment.

17   This isn't that typical kind of sequence.

18           **THE COURT:**  It isn't.  This is -- you know, this is a

19   rule that's -- I mean, a case that's extraordinary in a number

20   of ways, and the rules don't neatly fit it.  But I would prefer

21   to put a deadline for discovery just to have it in there.  So

22   we'll use that.  And as I said, it's a flexible date and, if

23   necessary, we can change it.

24           **MR. WINSHIP:**  Thank you, Your Honor.

25           **THE COURT:**  I don't know if there are any other

1   motions that you may contemplate filing other than the Motions

2   to Dismiss and the Summary Judgment Motion.

3           Any other motions that may be out there?

4           **MR. GERSHENGORN:**  Not at the current time, Your Honor.

5           **THE COURT:**  I can't think -- if there are, just put it

6   in a motion, file a motion.

7           Let's see if there are some other things that we need

8   to discuss.  I think I've exhausted my list.

9           Do you have anything else?

10          **MR. WINSHIP:**  Not at this time, Your Honor.

11          **MR. GERSHENGORN:**  Not at this time, Your Honor.

12          **THE COURT:**  All right.  Then I will enter the

13  scheduling order, and it will come out this week.  And it will

14  set out these dates and the procedure that we've outlined, and

15  that's the schedule we will endeavor to follow.

16          There are always things that are unanticipated, so

17  don't be reluctant if there's something that comes up and you

18  can't seem to work it out between the two of you.  I'm available

19  for a telephone conference on short notice, and we can certainly

20  address whatever issues may come up.

21          Let's see, we have the participants from Arizona, and

22  I don't think we had those formally identified on the record.

23  And you may have to spell your name so that our court reporter

24  can get that.

25          Would you do that for us, please?  Are the

1    representatives from Arizona still on the telephone line?

2            **MR. KANEFIELD:**  Yes, Your Honor.  I'm sorry.  Joseph

3    Kanefield, J-O-S-E-P-H, K-A-N-E-F-I-E-L-D.

4            **THE COURT:**  And your title, sir?

5            **MR. KANEFIELD:**  General counsel to Arizona Governor

6    Jan Brewer.

7            **THE COURT:**  Is there anything further we need to

8    discuss this morning?

9            If not, thank you very much.  We're adjourned.

10           *(Proceedings concluded at 10:06 a.m.)*

11                   --------------------

12   *I certify that the foregoing is a correct transcript from the*
     *record of proceedings in the above-entitled matter.  Any*
13   *redaction of personal data identifiers pursuant to the Judicial*
     *Conference Policy on Privacy are noted within the transcript.*

14

15
         *s/Donna L. Boland*                          *5-19-10*
16       _____              _____

17       *Donna L. Boland, RPR, FCRR*                 *Date*
         *Official Court Reporter*
18

19

20

21

22

23

24

25