**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA, by and
through Bill McCollum, et al.,

      Plaintiffs,

      v.                                    Case No.: 3:10-cv-91-RV/EMT

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

      Defendants.
_____/

**ORDER**

      The plaintiffs in this case seek to challenge the new federal health care law. On May 14, 2010, they filed an amended complaint which, inter alia, adds several new plaintiffs and raises three new claims. The defendants now move for a 30-day extension of the scheduling deadlines previously set in this case in order to respond to the amended complaint (doc. 43).

      The original schedule allowed 33 days for the defendants to file a motion to dismiss the amended complaint. That period is considerably larger than the 21 days normally allowed by Rule 12 of the Civil Procedure Rules for most defendants. The Rule allows additional time for the United States to respond because of the usual need to ascertain routing responsibility and representation within the government. However, that is not the situation in this case, and the defendants have known of the plaintiffs' basic claims since the original complaint was filed on March 23, 2010. Although the amended complaint adds new parties and raises new claims, all the defendants are federal agencies or employees thereof. Consequently, they have at their disposal the very substantial resources of the federal government, including

numerous attorneys and staff within and outside the United States Department of Justice. I am confident that they have both the means and ability to respond to the amended complaint within the time period originally set out in the scheduling order and that an extension is unwarranted.

Further, as the defendants observe, there are "numerous lawsuits across the country challenging the Act." One of those is in Virginia (filed on the same day as this one), and defendants recently filed a 52-page memorandum of law in support of their motion to dismiss that case. Although the Virginia case was brought under a state statute that is not applicable here, the fundamental arguments being raised there in the motion to dismiss would appear to apply here (specifically, whether the state has standing to sue on behalf of its citizens, whether the new health care law is justified under the Commerce Clause, and issues of ripeness, jurisdiction, and justiciability). The fact that the defendants have already researched and prepared a substantial motion addressing the legal issues that are relevant to this case further strengthens the conclusion that they should not need additional time to respond to the plaintiffs' amended complaint.

Accordingly, the motion for extension of time (doc. 43) is hereby DENIED.

DONE and ORDERED this 28th day of May, 2010.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

*Case No.: 3:10-cv-91-RV/EMT*