**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | |
|---|---|
| STATE OF FLORIDA, by and through BILL McCOLLUM, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:10-cv-91-RV/EMT ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

**UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITS**

Defendants, the United States Department of Health and Human Services, *et al.*, through undersigned counsel, hereby move the Court for leave to file a memorandum in support of their motion to dismiss that is no more than 75 pages in length, rather than the 50 pages previously set forth by the Court. Plaintiffs consent to this relief, provided that they are granted the same page-limit extension for their opposition brief. In support of this motion, Defendants state as follows:

1. During the scheduling conference held on April 14, 2010, the parties agreed that the claims raised in Plaintiffs' original complaint could be adequately briefed if Defendants were permitted to file a 50-page brief in support of their motion to dismiss. Plaintiffs would then be permitted 50 pages in opposition, and Defendants 25 pages in reply. *See* Sched. Hrg. Tr. 35:2–37:14 (Apr. 14, 2010); Final Sched. Order 2 (Apr. 14, 2010) [Doc. No. 26].

2. Plaintiffs' amended complaint, however, broadened the litigation by adding two new categories of plaintiffs — individuals and an association of small businesses — and

three new substantive claims.  The addition of these new parties and claims raises a host of jurisdictional and substantive issues distinct from those presented in the original complaint.

3. For example, with respect to jurisdiction, the original complaint required Defendants to address whether states have *parens patriae* standing to challenge the minimum coverage provision, given that the provision would operate not on them, but on their citizens. The amended complaint requires Defendants to address, in addition, whether individuals have standing to challenge the provision and, if they do not, whether the National Federation of Independent Businesses has associational standing to do so in their stead.  Defendants' briefing of these issues will assist the Court's inquiry into whether it has jurisdiction to reach the merits of this lawsuit.  *See, e.g.*, *Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

4. In addition, the amended complaint raises three new claims, two with no precursor in the original complaint.  Count Two now alleges that the minimum coverage provision deprives Plaintiffs of an asserted substantive due process right to be free of "governmental compulsion."  Am. Compl. ¶ 78.  This claim requires Defendants to address, among other things, whether such a right could be considered "objectively, deeply rooted in this Nation's history and tradition."  *Washington v. Glucksburg*, 521 U.S. 702, 720 (1997).

5. Furthermore, Count Six now alleges that the Act interferes with states' rights as employers.  Am. Compl. ¶ 90.  This claim requires Defendants to explain the effect of a series of complex provisions applicable to certain large employers.  Those provisions were not at issue in the original complaint, and themselves raise a distinct set of procedural and substantive issues.

6.	Given the number of claims raised in the amended complaint, the legal theories asserted, and the nationwide significance of the issues presented, there is good cause for the Court to grant leave to exceed the 50-page limit set forth in its April 14, 2010, scheduling order.

WHEREFORE, Defendants respectfully request that the Court grant them leave to file a memorandum in support of their motion to dismiss that is no more than 75 pages in length, and that Plaintiffs be granted the same page-limit extension for their opposition brief.

Dated: June 11, 2010                             Respectfully submitted,

                                                TONY WEST
                                                Assistant Attorney General

                                                IAN HEATH GERSHENGORN
                                                Deputy Assistant Attorney General

                                                THOMAS F. KIRWIN
                                                United States Attorney

                                                SHEILA LIEBER
                                                Deputy Director

                                                 /s/ *Eric Beckenhauer*
                                                BRIAN KENNEDY
                                                Senior Trial Counsel
                                                ERIC B. BECKENHAUER, Cal. Bar No. 237526
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                20 Massachusetts Ave. NW
                                                Washington, DC 20530
                                                Telephone: (202) 514-3338
                                                Facsimile: (202) 616-8470
                                                E-mail: eric.beckenhauer@usdoj.gov

                                                *Attorneys for Defendants*

## **RULE 7.1(B) CERTIFICATION**

In accordance with Local Rule 7.1(B), counsel for Defendants conferred with counsel for Plaintiffs, Chesterfield Smith, Jr., in an effort to resolve this issue. Plaintiffs consent to the relief requested herein, provided that they are granted the same page-limit extension for their opposition brief.

       /s/ *Eric Beckenhauer*
      ERIC B. BECKENHAUER
      Trial Attorney
      U.S. Department of Justice

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 11, 2010, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Plaintiffs' counsel of record.

    /s/ *Eric B. Beckenhauer*
ERIC B. BECKENHAUER
Trial Attorney
U.S. Department of Justice