IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA, by and
through Bill McCollum, et al.,

      Plaintiffs,

      v.                                  Case No.: 3:10-cv-91-RV/EMT

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

      Defendants.
_____/

## ORDER ON *AMICUS CURIAE* FILINGS

Over the last several weeks, this court has received numerous inquiries from organizations and individuals expressing an interest in filing amicus curiae briefs in support of one position or another in this litigation. Such briefs are recognized as appropriate in some cases:

> "Amicus curiae is a latin phrase for 'friend of the court' as distinguished from an advocate before the court. It serves only for the benefit of the court, assisting the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision."

Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J., 940 F.2d 792, 808 (3d Cir. 1991) (citation omitted). Amici curiae typically appear at the appellate level, and are not usually necessary or helpful at the trial level. Consequently, there is no provision in the Federal Rules of Civil Procedure or in the Local Rules of this court pertaining to such appearances. However, district courts have broad discretion and the inherent authority to allow amici to participate in appropriate cases. Because an

amicus curiae participates for the benefit of the court, "'it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the amicus.'" See id. (citation omitted); accord, e.g., Leal v. Secretary, U.S. Dep't of Health and Human Services, 2009 WL 1148633, at *1 (M.D. Fla. Apr. 28, 2009); Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991).

Although there are no formal rules or guidelines for the use of amicus curiae briefs in district courts, Rule 29 of the Federal Rules of Appellate Procedure and Rule 37 of the United States Supreme Court Rules govern amicus curiae briefs in those appellate proceedings, and they are instructive. Rule 29 provides that an amicus curiae may file a brief only with leave of court and only after the movant states his interest in the case and explains "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Rule 37 of the Supreme Court Rules states that an amicus curiae brief which "brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court." However, the circumstances under which an amicus curiae brief will be deemed "desirable" and "helpful" are very limited. As the Seventh Circuit Court of Appeals has stated:

> The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed. They are an abuse. The term "amicus curiae" means friend of the court, not friend of a party . . . An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers

>    for the parties are able to provide. Otherwise, leave to file
>    an amicus curiae brief should be denied.

Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.; chambers opinion). The First Circuit has similarly cautioned that district courts "should go slow in accepting [amicus curiae briefs] unless . . . the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970). It is "particularly questionable" to allow an amicus brief when the existing parties are "already well represented." Id. While the parties in this case are certainly well represented, I recognize that there possibly may be helpful contributions from amicus curiae on the merits of the important claims presented here. Accordingly, an orderly procedure for providing an opportunity to do so is appropriate.

With the foregoing in mind, it is hereby ORDERED that in this case:

(1) Amicus curiae briefs will not be allowed in support of, or in opposition to, the defendants' anticipated motion to dismiss, as it is expected that motion will raise discrete legal or procedural issues for which amici involvement would not be helpful or beneficial. Rather, an amicus may only seek to file a brief on the merits, which for purposes of this litigation will be at the summary judgment stage. If the case survives dismissal, the plaintiffs have already indicated an intent to promptly seek summary judgment, but either side may move for summary judgment within the time frame to be set. I will consider allowing amicus briefs (in support of, or in opposition to, either side) at that point in the proceedings.

(2) Any organization or individual desiring to file an amicus brief in support of, or in opposition to, a summary judgment motion filed by either side must first seek leave of court by an appropriate motion. The motion may not exceed ten (10) pages, and must be filed no later than seven (7) days after the filing of either the motion or brief that the amicus supports. The proposed amicus brief should not be

attached to the motion for leave to file.

(3) Any motion for leave to file must demonstrate (1) that the amicus has an interest that may be affected by the decision in this case; (2) that the amicus brief is desirable and relevant to the disposition of the case; and (3) that the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the "already well represented" parties are able to provide.

(4) Any motion for leave to file an amicus curiae brief that does not meet the foregoing standard will be summarily denied.

(5) If leave to file an amicus curiae brief is granted --- and, it should be noted, it is perhaps unlikely that leave will be granted in this case --- the brief shall be filed within seven (7) days from the date of the order granting leave to file. The brief shall not exceed a total of fifteen (15) pages. No appendix or attachments shall accompany the brief. The brief shall be in the form set out in Rule 29(c) of the Federal Rules of Appellate Procedure (except no cover shall be required), and it may be filed electronically or in paper form, with copies to the parties of record. An amicus curiae may not file a reply brief.

DONE and ORDERED this 14th day of June, 2010.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

*Case No.: 3:10-cv-91-RV/EMT*