## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | | |
|---|---|---|
| STATE OF FLORIDA, by and<br>through BILL McCOLLUM, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:10-cv-91-RV/EMT |
| UNITED STATES DEPARTMENT<br>OF HEALTH AND HUMAN<br>SERVICES, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

### ANSWER TO AMENDED COMPLAINT

Defendants, the U.S. Department of Health and Human Services; Kathleen Sebelius, in her official capacity as Secretary of Health and Human Services; the U.S. Department of the Treasury; Timothy F. Geithner, in his official capacity as Secretary of the Treasury; the U.S. Department of Labor; and Hilda L. Solis, in her official capacity as Secretary of Labor, by undersigned counsel, hereby answer Plaintiffs' Amended Complaint as follows:

### NATURE OF THE ACTION

1.      This paragraph contains characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied except to admit that Plaintiffs seek declaratory and injunctive relief.

2.      This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

3.      This paragraph contains characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed

necessary, denied.

## JURISDICTION AND VENUE

4.      This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

5.      This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied except to admit that Defendants are agencies of the United States or officers thereof acting in their official capacity.

## PARTIES

6–25.      These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied except to admit that Florida, South Carolina, Nebraska, Texas, Utah, Alabama, Louisiana, Michigan, Colorado, Pennsylvania, Washington, Idaho, South Dakota, Indiana, North Dakota, Mississippi, Arizona, Nevada, Georgia, and Alaska are States in the United States of America.

26–28.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs.

29.      Denied except to admit that the U.S. Department of Health and Human Services is an agency of the United States and is responsible for administering certain provisions of the Affordable Care Act.

30.      Admitted.

31.      Denied except to admit that the U.S. Department of the Treasury is an agency of the United States and is responsible for administering certain provisions of the Affordable Care Act.

32.      Admitted.

33.     Denied except to admit that the U.S. Department of Labor is an agency of the United States and is responsible for administering certain provisions of the Affordable Care Act.

34.     Admitted.

## FACTUAL ALLEGATIONS

35.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (Mar. 23, 2010), *amended by* Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (Mar. 30, 2010) (the "Affordable Care Act" or the "Act"), which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

36.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

37.     Denied except to admit that in August 1994 the Congressional Budget Office issued a memorandum titled "The Budgetary Treatment of an Individual Mandate to Buy Health Insurance," to which Defendants respectfully refer the Court for a complete and accurate statement of its contents.

38.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, denied.

39.     Admitted.

40.     Denied except to admit that, since the beginning of Medicaid, States have retained considerable discretion to implement and operate their respective Medicaid programs in accordance with State-specific designs regarding eligibility, enrollment, and administration, provided that they satisfy the conditions Congress has prescribed.  Defendants separately aver that, under the Affordable Care Act, participating States will continue to retain similar discretion to implement and operate their respective Medicaid programs.

41.     Denied except to admit that a State's participation in the Medicaid program has always been, and continues to be, entirely voluntary.

42.     Denied.

43.     The first sentence of this paragraph is denied.  The second sentence contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

44.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

45.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

46.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

47.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

48.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

49.     Denied.

50.     The first sentence and the first part of the second sentence (preceding the semicolon) are denied except to admit that the U.S. Census Bureau's 2008 Current Population Survey, Annual Social and Economic Supplement, estimated that there were 3,641,933 uninsured individuals in Florida in 2007.  The second part of the second sentence (following the semicolon) contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

51.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences.  The third sentence is denied.

52.     With respect to the first sentence, Defendants admit that, for fiscal year 2010, the federal medical assistance percentage ("FMAP") for Florida was 67.64 percent, which is higher than usual because the American Recovery and Reinvestment Act of 2009, Public Law 111-5, 123 Stat. 115 (2009), temporarily increased FMAPs to provide States fiscal relief and to support Medicaid during the recent economic downturn.  With respect to the second sentence, Defendants admit that, in fiscal year 2011, the FMAP for Florida is expected to be 55.45 percent. The third sentence is denied.

53.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence.  With respect to the second sentence, Defendants admit that the Affordable Care Act does not provide enhanced FMAPs for individuals currently eligible for but not enrolled in Medicaid.  The third sentence is denied.

54.     This paragraph contains characterizations of this lawsuit and conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Medicaid Act or the Affordable Care Act, which speak for themselves, and respectfully refer the Court to those Acts for a complete and accurate statement of their contents.

55.     With respect to the first sentence, Defendants admit that the Agency for Health Care Administration ("AHCA") is Florida's state Medicaid agency.  The second and third sentences are denied.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

57.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any

6

characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

58.     This paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.

59.     The first sentence of this paragraph contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Affordable Care Act, which speaks for itself, and respectfully refer the Court to the Act for a complete and accurate statement of its contents.  The second sentence is denied.

60.     Denied.

61.     Denied except to admit that, in 2014, some State citizens and legal residents will be subject to the minimum coverage provision.

62.     Denied.

63.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

64.     Denied.

65.     Denied.

66.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence.  The second sentence is denied.

67.     Denied.  Defendants separately aver that, while Medicaid has always been and continues to be a cooperative federal-state program, Congress expressly reserved the right to

amend any provision of the Social Security Act, 42 U.S.C. § 1304, and has exercised that right to amend Medicaid many times, *see, e.g.*, *id.* § 1396a note — in particular, to expand eligibility.

68.     The first sentence is denied except to admit that the Centers for Medicare and Medicaid Services ("CMS") is the component of the U.S. Department of Health and Human Services that is chiefly responsible for administering the Medicaid program for the federal government.  Defendants separately aver that, if the Secretary of Health and Human Services finds that a State's Medicaid plan, or its administration of that plan, fails to comply with federal requirements, she "shall notify [the] State [Medicaid] agency that further payments will not be made to the State (or, in [her] discretion, that payments will be limited to categories under or parts of the State plan not affected by such failure)."  42 U.S.C. § 1396c.  The second sentence contains conclusions of law, not allegations of fact, and thus no response is required.  To the extent a response is deemed necessary, Defendants deny any characterization of the Medicaid Act, which speaks for itself, and respectfully refer the Court to that Act for a complete and accurate statement of its contents.

## CAUSES OF ACTION

### COUNT ONE

**Unconstitutional Mandate That All Individuals
Have Health Care Insurance or Pay a Penalty
(U.S. Const. art. I & amends. IX, X)**

69.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

70–75.     Denied.

## COUNT TWO [DISMISSED]

### Unconstitutional Mandate That All Individuals
### Have Health Care Insurance or Pay a Penalty
### (U.S. Const. amend. V)

76.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

77–78.     These paragraphs relate to a claim that has been dismissed, and thus no response is required.  To the extent a response is deemed necessary, denied.

## COUNT THREE [DISMISSED]

### Violation of Constitutional Prohibition of
### Unapportioned Capitation or Direct Tax
### (U.S. Const. art. I, §§ 2, 9 & amends. IX, X)

79.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

80–82.     These paragraphs relate to a claim that has been dismissed, and thus no response is required.  To the extent a response is deemed necessary, denied.

## COUNT FOUR

### Coercion and Commandeering as to Medicaid
### (U.S. Const. art. I & amends. IX, X)

83.     Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

84–86.     Denied.

## COUNT FIVE [DISMISSED]

### Coercion and Commandeering as to Healthcare Insurance
### (U.S. Const. art. I & amends. IX, X)

87.     Defendants restate and incorporate by reference the responses contained in all

preceding paragraphs.

88.    This paragraph relates to a claim that has been dismissed, and thus no response is required.  To the extent a response is deemed necessary, denied.

### COUNT SIX [DISMISSED]

### Interference with States' Sovereignty as Employers and
### Performance of State Governmental Functions
### (U.S. Const. art. I & amends. IX, X)

89.    Defendants restate and incorporate by reference the responses contained in all preceding paragraphs.

90.    This paragraph relates to a claim that has been dismissed, and thus no response is required.  To the extent a response is deemed necessary, denied.

### PRAYER FOR RELIEF

Paragraphs 75, 78, 82, 86, 88, and 90 are each followed by a Prayer for Relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the Prayer for Relief, and further aver that Plaintiffs are not entitled to the requested relief or any other relief from Defendants.

Defendants deny any and all allegations in the Amended Complaint not expressly admitted herein to which a response is deemed required.

### DEFENSES

1.    This Court lacks subject matter jurisdiction because Plaintiffs lack standing under Article III of the U.S. Constitution.

2.    This Court lacks subject matter jurisdiction because Plaintiffs lack prudential standing.

3.      This Court lacks subject matter jurisdiction because Plaintiffs' claims are not ripe for review under Article III of the U.S. Constitution.

4.      This Court lacks subject matter jurisdiction because Plaintiffs' claims are not prudentially ripe for review.

5.      This Court lacks subject matter jurisdiction over Counts One, Two, Three, and Six pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a).

6.      This Court lacks subject matter jurisdiction over Count Four because that claim is not justiciable.

7.      The Amended Complaint fails to state a claim upon which relief can be granted.

## <u>CONCLUSION</u>

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.


Dated: November 4, 2010                    Respectfully submitted,

                                           TONY WEST
                                           Assistant Attorney General

                                           IAN HEATH GERSHENGORN
                                           Deputy Assistant Attorney General

                                           THOMAS F. KIRWIN
                                           United States Attorney

                                           SHEILA LIEBER
                                           Deputy Director

                                            /s/ *Eric Beckenhauer*
                                           BRIAN KENNEDY, D.C. Bar No. 228726
                                           Senior Trial Counsel

ERIC B. BECKENHAUER, Cal. Bar No. 237526
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Telephone: (202) 514-3338
Facsimile: (202) 616-8470
E-mail: eric.beckenhauer@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2010, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on Plaintiffs' counsel of record.

*/s/ Eric B. Beckenhauer*
ERIC B. BECKENHAUER