**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| **STATE OF FLORIDA, by and through BILL McCOLLUM,** *et al.*, | ) ) ) | |
| **Plaintiffs**, | ) ) | |
| **v.** | ) ) | **No. 3:10-CV-91-RV/EMT** |
| **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,** *et al.*, | ) ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

**MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE***
**BY THE AMERICAN CENTER FOR LAW & JUSTICE, VARIOUS**
**MEMBERS OF CONGRESS, AND THE CONSTITUTIONAL COMMITTEE TO**
**CHALLENGE THE PRESIDENT & CONGRESS ON HEALTH CARE IN**
**SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**AND INCORPORATED LEGAL MEMORANDUM**

Pursuant to this Court's order on amicus curiae filings, (Doc. 50), and Local Civil

Rule 7.1, Movants, the American Center for Law and Justice (ACLJ), various Members

of Congress, and the Constitutional Committee to Challenge the President and Congress

on Health Care, respectfully move this Court for leave to participate as *amici curiae* and

file an *amici curiae* brief in support of the Plaintiffs' Motion for Summary Judgment.[1]/

_____

[1]/ Pursuant to Local Civil R. 7.1, counsel for *amici curiae* conferred with counsel
for the parties to see whether they oppose the granting of this motion.  Plaintiffs' counsel
and Defendants' counsel take no position on this motion.  Plaintiffs' counsel also  have
filed a statement regarding *amicus* filings with this court.  (Doc. 85.)

## I.     CORPORATE & FINANCIAL DISCLOSURE STATEMENT.

To enable the Court to evaluate possible disqualifications or recusal, counsel for Movants state that the ACLJ has no parents, trusts, subsidiaries, and/or affiliates that have issued shares or debt securities to the public.

## II.    INTEREST OF MOVANTS.

(a).  Movant ACLJ is an organization dedicated to the defense of constitutional liberties secured by law.  ACLJ attorneys have argued or participated as *amicus curiae* in numerous cases involving constitutional issues before the Supreme Court of the United States and lower federal courts.  The ACLJ has been active in litigation concerning the Patient Protection and Affordable Care Act of 2010, Pub. L. No. 111-148, 124 Stat. 119 (2010) ("PPACA").  The ACLJ filed an *amici curiae* brief on behalf of itself, Members of Congress, and the Constitutional Committee in *Commonwealth of Virginia ex rel. Kenneth T. Cuccinelli, II v. Sebelius*, No. 3:10-cv-00188-HEH (E.D. Va.), another case challenging the constitutionality of the PPACA's individual mandate.

The ACLJ also represents the plaintiffs in *Mead v. Holder*, No. 1:10-cv-00950 (D.D.C. 2010), another case challenging the individual mandate's constitutionality on the grounds that it exceeds Congress's power to regulate interstate commerce.  The ACLJ thus has an interest that may be affected by the instant case in that any decision by this Court would be persuasive authority in *Mead*.

(b).  Movants, Paul Broun, Robert Aderholt, Todd Akin, Rodney Alexander, Michele Bachmann, Spencer Bachus, Marsha Blackburn, Michael Burgess, Dan Burton, Eric Cantor, Jason Chaffetz, Mike Conaway, John Fleming, Virginia Foxx, Trent Franks,

Scott Garrett, Louie Gohmert, Tom Graves, Ralph Hall, Greg Harper, Jeb Hensarling, Lynn Jenkins, Walter Jones, Jim Jordan, Steve King, John Kline, Doug Lamborn, Robert Latta, Connie Mack, Kenny Marchant, Kevin McCarthy, Tom McClintock, Cathy McMorris Rodgers, Jeff Miller, Jerry Moran, Pete Olson, Ron Paul, Mike Pence, Joe Pitts, Bill Posey, Tom Price, George Radonovich, Mike Rogers (AL), Pete Sessions, John Shadegg, Adrian Smith, Lamar Smith, Todd Tiahrt, Zach Wamp, Lynn Westmoreland, and Joe Wilson, are Members of the United States House of Representatives in the One Hundred Eleventh Congress.[2]/  They voted against the PPACA in Congress because (among other reasons) Congress does not have the power to force people to buy government-approved health insurance (or to engage in any other commercial transaction) or pay a penalty if they fail to do so.

A holding that Congress has the power to enact the individual mandate would be an unprecedented extension of federal power.  Such a holding, in these Members' view, would undermine the constitutional principle that the Federal government is a government of limited power, a principle these Members swore to uphold in taking their oath to defend the Constitution.  The Members have a further interest in representing their constituents whom the individual mandate will force to buy health insurance or pay a penalty.

(c).  Movant, the Constitutional Committee to Challenge the President and Congress on Health Care, consists of over 70,000 Americans from across the country who oppose the individual mandate and do not want to be forced to buy insurance

---

[2]/ If this motion is granted, additional Members of Congress may join the proposed *amici curiae* brief before the time it is filed.

coverage.  It is likely that many members of the Constitutional Committee will be forced to buy health insurance or pay a penalty if the individual mandate is found to be constitutional.

Like the ACLJ and Members of Congress, Members of the Committee are dedicated to the founding principles of limited government and to the corollary precept that the Commerce Clause contains boundaries that Congress may not trespass, no matter how serious the nation's healthcare problems.  Movants believe that the PPACA's individual mandate exceeds any power granted under the Commerce Clause.

III.  **AN *AMICI* BRIEF IS DESIRABLE AND RELEVANT TO THE DISPOSITION OF THE CASE, AND AMICI HAVE UNIQUE INFORMATION OR PERSPECTIVE TO ASSIST THE COURT.**

Movant ACLJ possesses experience in constitutional law cases and seeks to analyze the relevant case law to demonstrate that the Court should resolve the constitutional issues in this case in the Plaintiffs' favor.  The additional Movants, the individual Members of Congress and the Constitutional Committee to Challenge the President and Congress on Health Care, represent a diverse group of elected officials and citizens who oppose the PPACA's individual mandate.  Movants, the Members of Congress, voted against the PPACA in Congress and believe the law to be unconstitutional and burdensome to the states.  Therefore, Movants respectfully submit that their participation as *amici* would assist the Court in considering this case.

Movants contend that the PPACA's individual mandate exceeds any power granted under the Commerce Clause.  In their brief, Movants would argue that the Commerce Clause does not empower Congress to coerce individual purchases merely

because decisions not to purchase may affect interstate commerce.  Movants would argue that such an expansive reading of the Commerce Clause could make limitless the universe of commercial transactions that Congress could compel.

Movants' brief would confront head on the government's argument that because almost all Americans will at some point need medical services, to decide not to buy health insurance is really to decide how to pay for the health care one will inevitably receive and thus to engage in commercial activity subject to congressional regulation. The brief would posit the following example of where the government's reasoning leads: While someone who decides not to buy an automobile is not participating in the automobile market, because all people inevitably need to get from one place to another, he is participating in the broader market for transportation, a market that includes the automobile market.  Deciding not to buy an automobile and instead relying on other forms of transportation is, by the government's reasoning, engaging in economic activity that Congress may regulate because it is reasonable to conclude that the aggregate of those decisions substantially affects interstate commerce.  Thus, the brief would argue, under the government's reasoning, that Congress could enact a law requiring all Americans—even those who desire not to own an automobile—to purchase American automobiles or pay a penalty.  If the government's reasoning is correct, all private purchasing decisions would be subject to federal regulation, a notion at odds with any conception of limited federal government power and dangerous to Americans' liberty.

Movants would also argue that the individual mandate is not severable from the remainder of the PPACA; thus, if the individual mandate is unconstitutional, the entire

Act is invalid.  Movants note that while an earlier version of the health care legislation contained a severability clause, the PPACA did not and that, as the government itself emphasizes, the PPACA's remaining provisions cannot function without the individual mandate.  These two factors lead inexorably to the conclusion that Congress would not have passed the PPACA without the individual mandate.

**IV.    CONCLUSION.**

For the above-stated reasons, Movants respectfully request that this Court grant this motion and allow them to participate as *amici curiae* and file an *amici curiae* brief.

Respectfully submitted on
November 9, 2010,

/s/ Edward L. White III
Edward L. White III
Florida Bar No. 893773
N.D. Florida Bar Member
AMERICAN CENTER FOR LAW
  & JUSTICE
5068 Plymouth Road
Ann Arbor, Michigan  48105
Phone: 734-662-2984
Fax:  734-302-1758
Email:  ewhite@aclj.org

John P. Tuskey*                         Jay Alan Sekulow*
Laura Hernandez*                        Colby M. May*
AMERICAN CENTER FOR LAW                 Stuart J. Roth*
  & JUSTICE                             AMERICAN CENTER FOR LAW
1000 Regent University Dr.                & JUSTICE
Virginia Beach, Virginia  23464         201 Maryland Ave., NE
Phone:  757-226-2489                    Washington, DC  20002
Fax:  757-226-2836                      Phone:  202-546-8890
                                        Fax:  202-546-9309
* - Not admitted in this Court

*Attorneys for Amici Curiae*

## CERTIFICATE OF SERVICE

The undersigned counsel for Movants certifies that on November 9, 2010, a true and correct copy of the foregoing Motion was filed electronically with this Court through the CM/ECF filing system.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's CM/ECF system.

The following counsel for the parties will receive notice of this filing through the Court's CM/ECF system:

| | |
|---|---|
| David Boris Rivkin, Jr. | drivkin@bakerlaw.com |
| Lee Alfred Casey | lcasey@bakerlaw.com |
| Blaine H. Winship | blaine.winship@myfloridalegal.com |
| Katherine Jean Spohn | katie.spohn@nebraska.gov |
| William James Cobb, III | bill.cobb@oag.state.tx.us |
| Carlos Ramos-Mrosovsky | cramosmrosovsky@bakerlaw.com |
| Brian G. Kennedy | brian.kennedy@usdoj.gov |
| Eric B. Beckenhauer | eric.beckenhauer@usdoj.gov |

/s/ Edward L. White III
Edward L. White III
Florida Bar No. 893773
N.D. Florida Bar Member
AMERICAN CENTER FOR LAW
  & JUSTICE
5068 Plymouth Road
Ann Arbor, Michigan 48105
Phone: 734-662-2984
Fax: 734-302-1758
Email: ewhite@aclj.org
*Counsel for amici curiae*